SOUTIER, Respondent, vs. KELLERMAN, Appellant.

1. The new code does not apply to the trial of a cause appealed from a justice. In such cases, it is still proper to ask declarations of law from the court on a trial without a jury.
2. Where there is a contract for the delivery of shingles by the thousand, it may be shown that, by the general, well established and known custom of the trade, two packs of a certain size are counted as a thousand, and when such custom is shown, the parties will be understood to have contracted with reference to it.

*Appeal from St. Louis Law Commissioner's Court.*

*S. A. Holmes,* for appellant. The court erred in refusing to declare the law as to the effect of an usage of trade. 1. Smith's L. C. 307, 414. Chitty on Contracts, 21.

*A. P. & P. B. Garesché,* for respondent. Words are to be understood in their general and received sense, and it follows that evidence of a special, technical or commercial meaning, ought only to be received between parties belonging to the particular class of persons to whom such special and technical meaning may be supposed to be known; and if, perchance, there did exist among the lumber merchants of the city of Carondelet a special custom by which the words "4000 shingles"

33—VOL. XVIII.

were understood to mean only "2,500 shingles" (of which custom, however, no sufficient evidence was offered,) it would be hard to *presume* against an ordinary person like the respondent, knowledge of any such unreasonable meaning.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiff alleges that he bought of the defendant (Kellerman) 4000 shingles, and that he received eight bundles or packs, which only contained 2,500, and having paid for 4000 brought this suit to recover the value of the number deficient. The defence made by Kellerman was, that by the custom of the lumber trade, two packs of a certain size are regarded as a thousand shingles, and are always bought and sold as such, without any count of the number, and that the eight packs delivered to Soutier were, according to such custom, properly reckoned as four thousand shingles.

1. The defendant asked the court below to declare the law in relation to the effect of the usage of the trade, and for that purpose presented two instructions, which the court refused. As this was a case brought into the court by appeal from a justice of the peace, the code of practice, which is not applicable to proceedings before a justice, is not applicable to the trial before the law commissioner on appeal. Such case is to be tried on the merits *de novo*, and the practice formerly prevailing, in trials by the court without a jury, of asking declarations of the law is, in such cases, still to be pursued.

2. The defendant asked the court to declare the law, as follows : 1. That if the shingles sold to the plaintiff were in ordinary sized packs, and that the price paid was a reasonable price for such kinds of packs, and that such packs are, by common custom, sold two for a thousand, then the plaintiff is not entitled to recover. 2. If the common custom of the lumber trade is to sell two bunches of shingles as a thousand, without regard to actual count, then the plaintiff must be presumed to have had notice of such general custom, and to have

purchased accordingly. The court refused to make these declarations of the law, and, on the contrary, declared : " That if the contract was at so much per thousand, and not so much per bundle, and that no express agreement was entered into that two bundles should represent a thousand, then the defendant must deliver the four thousand, or else account to the plaintiff for their value."

The usage of a particular trade is evidence from which the intention and agreement of the parties may be implied ; and, although it cannot control an express contract, made in such terms as to be entirely inconsistent with it, yet, in express contracts, the terms employed may have their true meaning and force best understood by reference to such usage. Evidence of such usage is admitted, not to vary the terms of an express contract or to change its obligation, but to determine the meaning and obligation of the contract as made. The usage must appear to be so general and well established, that knowledge of it may be presumed to exist among those dealing in the business to which it applies, so that the contract of the parties may be taken to have been made with reference to it. In this country, many articles which are in terms sold by the bushel ( a dry measure, containing eight gallons) are, in fact, sold by weight ; the bushel being understood to mean a certain number of pounds, and the number of pounds differing in different articles, as salt, wheat, &c. When such custom becomes general and well established, so as to be known to the community, it is obvious that a contract for a given number of bushels, must mean the bushel as ascertained by weight, whether in fact the number of pounds of the article sold would measure more or less than the real bushel. The rule here stated, is laid down with great distinctness, in 3 Starkie's Ev. 1033, and applied in *Smith* v. *Wilson*, 3 Barn. & Adolph. 728, to a case where 1000 rabbits was held to mean 1200.

In the present case, there was evidence that a general custom prevailed in the lumber trade of estimating two packs of shingles, of certain dimensions, as a thousand shingles, with-

out reference to the number of pieces in the pack. If such was the usage of the trade, so general and well established that those buying and selling might be presumed to deal in reference to it, there does not appear to have been any such contract shown in this case, as would prevent the usage from applying. The law commissioner seems to have thought that the defendant could not escape from liability "if the contract was at so much per thousand," unless there was "an *express* agreement that two bundles should represent a thousand." This was an incorrect statement of the law, in a case where evidence was given of a general usage, that a thousand shingles meant two packs of certain dimensions. Whether there was as full evidence of the usage given as ought to have been given, is not a question upon which we pass, but there was evidence of the usage upon which the party was entitled to have the law differently declared, if the evidence proved the usage as general, well established and known, so that contracts might be presumed to be made with reference to it. It was not necessary that the defendant should show an *express agreement* that two bundles should represent a thousand.

The judgment is reversed, with the concurrence of the other judges, and the cause remanded.