BENJAMIN KIMBALL, Appellant, *v.* WILLIAM A. BRAWNER, Respondent.

1. *Contract — Ambiguity — Usage not proper evidence to explain written contract, when.—* No usage, however general and well understood, can be permitted to control the terms of a special contract, where its subject-matter and terms are clear of doubt and obscurity.

Evidence of usage comes in to show the intention of the parties in all those particulars which are not expressed in the contract, or which are expressed in unusual or technical terms.

*Appeal from St. Louis Circuit Court.*

*Garesche & Mead*, for appellant.

*O'Neil & Quigley*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The defendant contracted in writing to pay the plaintiff " twenty per cent. upon all original or first years' premiums * * collected and paid in by him (the plaintiff) upon policies issued upon applications taken " by the plaintiff. This suit is brought upon the contract to recover a balance claimed to be due under the above-recited stipulation.

According to the obvious reading of this stipulation it is clear that it secured commissions to the plaintiff alone upon moneys actually collected and paid in by him. His right to the commission is made dependent upon an actual collection and payment. That this is the true construction of the contract upon its face is not disputed. The plaintiff, however, at the trial sought to explain the stipulation, and to enlarge its scope by the introduction of evidence *aliunde*. He offered to show by parol that it was the established " usage, custom, and method of doing business by the insurance company in regard to policies (in respect) of which the plaintiff and defendant had stipulated, to treat all premiums as ' collected,' though, for the convenience of assured, payable by installments." In other words, it was offered to be shown, in the way of explaining the contract, that the insurance company concerned in these policies and premiums, upon the acceptance of an application and the issue thereon of a policy, was accustomed to credit the soliciting agents' commissions at once, although the premium for the first year, upon which the commission was allowed, was not then paid, and was payable by installments at future dates. The court excluded the evidence, and the plaintiff complains of its action in that respect as erroneous, and brings the case here by appeal.

No usage, however general and well understood, can be permitted to control the terms of a special contract, where the

subject-matter of the contract and its terms are, as in this case, clear of all doubt or obscurity. There is no question in regard to the subject-matter of the stipulation; nor is there any question in regard to the terms employed in expressing the agreement of the parties respecting that subject-matter.

The defendant agreed to pay the plaintiff a commission on all moneys which the plaintiff should collect and pay over. There is nothing here for a construction. The plaintiff is simply suing to recover commissions on moneys which he did not collect and pay over, and seeks, by the aid of a construction founded on usage, to so enlarge the scope of the stipulation as to include commissions on all original premiums, whether collected and paid over or not. The parties might have so contracted, but did not. The usage must yield to the express stipulations contained in the written agreement.

Where the subject-matter of a contract is in doubt, extrinsic evidence may doubtless be employed to establish facts and circumstances showing the true subject of the contract. So, when a new and unusual word is used, or when a word is used in a technical or peculiar sense as applicable to any trade or calling, or to any particular class of people, evidence of usage may be employed to explain and illustrate the unusual word or technical term. But where the subject-matter is certain, and there is no doubt as to the import of the terms employed, evidence of usage is not admissible in respect to what the contract expressly declares. Evidence of usage comes in to "show the intention of the parties in all those particulars which are not expressed in the contract," or which are expressed in unusual or technical terms. (Cotton Press Company v. Stanard, 44 Mo. 71; Souther v. Kellerman, 18 Mo. 511; Eaton v. Smith, 20 Pick. 156; 1 Greenl. Ev., §§ 287, 289.)

I am of the opinion that the plaintiff's evidence of usage was properly excluded, and that the judgment ought to be affirmed. The other judges concur.