GEORGE CAMERON, Respondent, v. McNAIR & HARRIS
REAL ESTATE COMPANY, Appellants.

### St. Louis Court of Appeals, November 1, 1898.

1. **Agency**: CONTRACT: CUSTOM: EVIDENCE. The testimony of real
estate agents in St. Louis, that it was the custom or usage of real
estate agents having in charge property for the collection of rents, to
look after the property while vacant, was admissible to explain the
intended scope of the agency.

2. **Usage**: PRESUMPTION. When the evidence adduced is sufficient to
prove that the usage is general, the law raises the presumption that
the agent knew of it, and contracted in reference to it.

3. ———: INSTRUCTION. A purely technical objection to an instruction
ought to be overruled.

*Appeal from the St. Louis City Circuit Court.*—HON.
JOHN A. TALTY, Judge.

AFFIRMED.

A. L. ABBOTT and R. T. STILWELL for respondent.

Under the title of. Usage and Custom, in English
and American Encyclopedia of Law, volume 27, page
712, we find:   2 The Basis of their Legal Force.—"The
fundamental principle upon which the entire law of usage
is based, is that a usage becomes a part of a contract of
parties. The whole theory of usages rests upon the pre-
sumption that the parties in making a contract do so
with the intention that the usage of the place and trade
should be regarded as a part of the contract. It is as
a part of the contract that the usage is to be judged."
Same authority, page 817:   IX. Usage to Explain Con-
tracts.—First, the Key to the Contract.—The Reason
Why.—"Usage is said to be the key to the contract with-
out reference to which the intent of the parties could not

be ascertained. It is for the purpose of ascertaining this intent of the parties that the usage is received to explain contracts, and if the parties make a complete contract which is not susceptible of explanation there is no need of usage." In the case under consideration there is no need to discuss the custom or usage in regard to the management of real estate except to show that in making this agreement with Mr. Cameron the McNair and Harris Real Estate Company undertook to take charge of and care for the property in his absence as a reasonable and judicious man would with his own property. "Usage will sometimes give or fix a meaning to a contract." Goode v. St. Louis, 113 Mo. 257. "Proof of usage is often admitted to interpret the meaning of written contracts and especially mercantile ones." Evans v. Western Brass Mfg. Co., 118 Mo. 548. "But it is equally well settled that proof of usage is often admitted to interpret the meaning of the language used, for under many circumstances the parties may be supposed to contract with reference to a usage of custom as they are presumed to use words in their original signification." 1 Greenl. on Ev., sec. 292. "The courts," says Starkie, "have long allowed mercantile instruments to be expounded according to the usage and custom of merchants who have a style and language peculiar to themselves, of which usage and custom are the legitimate interpretation." Starkie on Ev. [10 Ed.], p. 701. Evidence of usage comes in to show the intention of the parties in all those particulars which are not expressed in the contract or which are expressed in unusual or technical terms. Kimball v. Brawner, 47 Mo. 398; Wolff v. Campbell, 110 Mo. 114.

H. M. POLLARD for appellant.

A usage must be general, by which is meant that the method of dealings must be the universal method

of those engaged in the business in the place where the usage exists. That there was not only no proof, but there was no attempt to prove that either party was acquainted with this alleged custom. And again the proof showed that there was no well defined custom. Our supreme court in Walsh v. Transportation Co., 52 Mo. 434, held that: "A person is not bound by a custom unless he has personal knowledge thereof, or it is so notorious, universal and well established that his knowledge thereof would be conclusively presumed." And the same court in Ober v. Carson, 62 Mo. 209, held that a custom in order to control must be certain, settled and uniform. This court in Gordon v. Livingston, 12 Mo. App., said at page 274: "Where there is no contract, proof of usage will not make one," citing 10 Otto, 195. In Brown v. Strimple, 21 Mo. App. this court, at page 342, said: "Even if this evidence (viz: of a custom) had related to a general custom, it would have been inadmissible under the pleadings and contract. Relating as it did to the custom of a particular class, of which the plaintiff was no member, it was subject to the further objection that it was not shown that the plaintiff had any notice or knowledge of it prior to the date of the contract. In Hyde v. St. Louis & C., 32 Mo. App. 298, the court said: "A party is not bound by the private business custom of one with whom he deals, unless it be shown that he had knowledge of such custom at the time of his dealings." And in McAllister v. Barnes, 35 Mo. 668, this court again held that evidence of a usage is improperly admitted unless it was shown that both parties relied on it at the time the contract was made. * * * It is a further rule that a person entering into a contract is not bound by the usage of a particular business, unless it is so general as to furnish a presumption of knowledge or it is proved that he was acquainted with it. Stevens

v. Reeves, 9 Pick. 198; Hyde v. Book and News Co., 32 Mo. App. 298; Brown v. Strimple, 21 Mo. App. 238; Walsh v. Trans. Co., 52 Mo. 234. The proof does not bring this case within that rule. Again the law is without exception that if a party would rely on a custom he should plead it, and if not pleaded, it can not be proved. This doctrine has been directly decided in Hayden v. Grillo, 42 Mo. App., where the court, at page 5, held: "The other instruction tendered by the defendant and refused, proceeds upon the hypothesis of a custom, existing among real estate agents in St. Louis, to give their principals notice of having procured a purchaser, after the lapse of considerable time between the employment and the time of thus procuring the purchaser. The court properly refused this instruction for the reason that there was no such issue in the case. The only answer, on which the case went to trial, was a general denial. It is necessary to plead a special custom, where such a custom is relied upon to take a case out of the general rules of the law."

BIGGS, J.—The plaintiff, who lives in the state of Illinois, is the owner of certain flats in the city of St. Louis. In 1895 the defendant was plaintiff's agent in St. Louis and attended to the leasing of the property and the collection of rents. Whether the scope of its employment extended to the care of the houses while vacant, was the chief contention at the trial. The houses were heated by a hot water system, consisting of a furnace and boiler in the basement, from which the hot water was carried in pipes to radiators located in different rooms. In December, 1895, the flats were unoccupied and the water was allowed to remain in the pipes. During a cold spell of weather the water froze, causing about one half the pipes and radiators

to burst. It cost the plaintiff $286.08 to have the apparatus repaired. In the present action he sues to recover from the defendant as damages the amount paid, upon the ground that it was the duty of the defendant to see to it that the water was drained from the pipes and that it failed to do so, thereby causing the injury. The defendant denied liability. There was a trial before a jury, resulting in a verdict and judgment for plaintiff for $316.30. On this appeal the defendant assigns for error the action of the court in admitting irrelevant testimony offered by plaintiff; in giving erroneous instructions asked by plaintiff, and. refusing proper instructions asked by the defendant.

The plaintiff resides in the state of Illinois. He purchased the property in 1891 or 1892. The defendant acted as his agent in making the purchase. Afterwards and up to March, 1896, the defendant secured tenants for the premises, collected and remitted the rents to the plaintiff, and made repairs. Concerning the latter employment the plaintiff testified as follows: "I went down to their (defendants') office, and I asked them (meaning the officers of defendant) what their rates were to take care of property, and they told me three per cent on the collections, and I told them to go ahead. That was all there was to it." The witness further testified that during the time the defendant was acting as his agent, he visited the property in company with Mr. Harris, an officer of the defendant; that he found the heating apparatus out of repair for want of proper attention; that he called the attention of Harris to its condition and that he replied "that he would have the matter attended to at once." Against the objection of the defendant, the circuit court permitted the plaintiff to prove by three real estate agents in St. Louis, that it was the custom or usage of real estate

CUSTOM. agents having in charge property for collection of rents, to look after the property while vacant, that is fasten the doors and windows, and see that the heating apparatus was in proper condition. This is the testimony to which the defendant objected. This evidence was admissible to explain the meaning of the parties, that is the intended scope of the agency. The defendant was employed "to take care of the property." This is the language of the plaintiff in speaking of the terms of the contract. The officers of the defendant did not deny this. The plaintiff contends that the employment included not only the leasing of the property, but its *care*, should it become vacant. As to the latter the contract is ambiguous. When the meaning either of a written or parol contract is uncertain, evidence of usage or custom is admissible to explain it. Kimball v. Brawner, 47 Mo. 398; Evans v. West. Brass Mfg. Co., 118 Mo. 548. The evidence adduced as to the alleged custom

PRESUMPTION. was sufficient as tending to prove that the usage was general, and if general, the law raises the presumption that the defendant who is sought to be charged knew of it and contracted in reference to it.

The discussion in the foregoing paragraph disposes of the objection made to the plaintiff's second instruction. That instruction is based on the evidence of the alleged custom or usage of real estate agents, and it is insisted that the evidence was insufficient to prove any such custom.

As to the measure of damages the court instructed as follows: "The court instructs the jury that if they find for the plaintiff their verdict shall be for such a sum as they find plaintiff's damage to have been, not to exceed $286.08—together with interest thereon at

the rate of six per cent per annum from April, 1896, the date of commencement of this suit." The objection to this instruction is that it did not limit the damage to the special matter charged in the petition. As the verdict was for $286.08 (the amount paid by plaintiff for repairs), with interest added in accordance with the instruction, it is plain that the defendant was not prejudiced by the alleged omission. The objection to the instruction is purely technical, and ought to be overruled.

With the concurrence of the other judges, the judgment will be affirmed. It is so ordered.