HESSIG-ELLIS DRUG COMPANY, Appellant, v. FRED PRIESMEYER, Respondent.

Kansas City Court of Appeals, December 5, 1910.

CONTRACTS: VIOLATION. A contract for the sale of goods contained provisions that they were to be delivered free on board the cars at destination, and that the seller would advertise said goods extensively in local papers. The goods were shipped subject to freight charges and no advertisement of the goods appeared. *Held*, that having failed to comply with the terms of the contract, plaintiff was not entitled to recover upon it.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*Kimbrough & Gladney* for appellant.

(1) Plaintiff's contention is that the written contract sued on must govern in this suit. And that nothing is implied—it is the terms of the contract itself that governs. Iron Co. v. Holbeck, 109 Mo. App. 179. (2) It is stated in the contract signed by Fred Priesmeyer as follows, to-wit: "This contract not subject to cancellation except with approval of both parties hereto, after the acceptance of same by the party of the first part." (3) It is not essential

to the validity of the contract sued on, that it should stipulate for any time or place of delivery, but if there be such a stipulation the memorandum or order must contain it. Smith v. Shell, 82 Mo. 215. Neither the contract nor order sued on in this case say where plaintiff is to deliver the goods, neither is the time of the delivery fixed in the contract sued on; and hence the contract will be construed as one for delivery in a reasonable time, and at the vendor's usual place of business. Smith v. Shell, 82 Mo. 215.

*Willard P. Cave* for respondent.

(1) The court did not err in refusing to give plaintiff's instruction No. 6, because it ignored plaintiff's duty to pay the freight on the sixteen boxes of merchandise; it declared that the defendant was the absolute owner of the merchandise, when it is admitted that there were unpaid freight charges on same in favor of the railroad company, which were a prior lien on same. (2) The court did not err in refusing plaintiff's 7th and 8th instructions; they were both erroneous, for the same reason that they require the defendant to pay for the advertising, when the contract says that plaintiff shall pay for same. (3) Appellant's third objection is not tenable, because it is based on the theory that it could show a trade usage or custom as to the payment of freight charges. No usage or custom can change the terms of a contract plainly expressed. Kimball v. Brawner, 47 Mo. 398; Wolff v. Campbell, 110 Mo. 114; Keller v. Meyer, 74 Mo. 318. Evidence of a usage is not admissible to vary or contradict the definite and unambiguous terms of an express contract, either written or verbal. 29 Am. and Eng. Emcy. Law (2 Ed.), p. 433. (4) Appellant's fourth contention is erroneous, because the contract plainly shows that the seller selected the carrier and

the seller agreed in the contract to deliver the goods free to plaintiff, on board the cars at Moberly, Mo. "If the seller undertakes to make the delivery himself to the buyer at a distinct place, thus assuming the risk of carriage, the carrier is the seller's agent." 24 Am. and Eng. Ency. Law (2 Ed.), p. 1072.

BROADDUS, P. J.—This is an action on a written contract for the purchase price of a certain quantity of merchandise known as Muco-Solvent. The plaintiff is a Tennessee corporation located at Memphis, engaged in the business of the manufacture and sale of said article as a medical compound. The defendant is a retail druggist doing business at Moberly, Missouri.

On the 14th day of April, 1908, plaintiff's agent sold to defendant a quantity of said Muco-Solvent at which time the said contract was entered into between the parties. The goods were shipped to Moberly, but defendant refused to receive them, and hence this suit.

The contract among its provisions contains one to the effect that, plaintiff agreed to cause said medicine to be advertised to the extent of 7500 to 10,000 lines of agate measure in two Moberly daily papers, the *Monitor* and *Democrat,* divided between them within twelve months after said goods were to be delivered at Moberly, the same to be paid for by plaintiff; and one that the goods were to be delivered to defendant free on board the cars at Moberly.

The record fails to disclose the date when the suit was commenced, but it does show that the amended petition on which the trial was had was filed at the June term of the court for 1910, and it may be inferred that the action was brought at that term, more than one year after date of the sale of the goods. The goods arrived at Moberly April 28, 1908, but defendant

failed to receive them on the alleged reason that he had countermanded the order and that he could not handle them successfully. There was no publication in the Moberly papers of the goods as provided for in the contract within one year after the date of the contract. The freight had not been paid. The station agent of the railroad company testified that it was the custom in such cases for the consignee to pay the freight and then collect back off of the consignor.

A jury was waived and the case was tried before the court. The finding and judgment were for the defendant and plaintiff appealed. Various declarations of law were given and refused by the court which are not necessary to consider. The plaintiff having sued on his contract he must stand or fall by its provisions. One of the important conditions of the contract was that it was to deliver to the defendant goods free on board the cars at Moberly, Missouri. This it did not do.

The delivery to the carrier under the terms of the contract was not a delivery to defendant. The carrier was the agent of plaintiff to deliver the goods to defendant. [Am. and Eng. Ency. of Law, pp. 1071, 1072 and cases cited.] And the fact that it was the custom of the consignee to pay the freight and deduct the same from the purchase price would not alter the rule and change the terms of the contract clearly expressed. [Wolff v. Campbell, 110 Mo. 114; Kimball v. Brawner, 47 Mo. 398; Keller v. Meyer, 74 Mo. App. 318; Smith v. Shell, 82 Mo. 215.] And there was no showing that plaintiff offered at any time to advertise the goods as the contract provided in the Moberly papers. Not having complied with the terms of its contract it was not entitled to recover upon it. Affirmed. All concur.