Theodore L. WILLIAMS, Appellant,

v.

Beverly A. WILLIAMS, Respondent.

Nos. KCD 27666, KCD 27737.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

**564**

Allan J. Fanning, Kansas City, for appellant.

Clem W. Fairchild, David R. Dill, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

The parties to this appeal were divorced on October 15, 1968, and the wife-respondent was awarded the custody of four minor children. The record discloses that on the same day this divorce decree was entered the parties entered into a Separation Agreement settling their property interests. While this agreement was not introduced into evidence in the present proceedings, it is attached to an early motion to modify the award, and it is conceded by the parties that according to its terms, the husband-appellant agreed that the respondent be awarded the custody of the four minor children and that he would pay the sum of $81.25 per month, per child for their support and maintenance. In addition, it was agreed that the home residence and all of the furniture and fixtures therein would be transferred to a trustee to be held in trust for the use and occupancy of the parent having custody of the children until the "youngest child attained age 21 years or was sooner emancipated and leaves home." It was further provided that the appellant would pay all mortgage installments, taxes, insurance, maintenance and repairs on the home.

While there is nothing in the record before this court to show that the trial judge in the 1968 divorce proceeding had any knowledge of or gave any approval to such agreement and it was not incorporated as part of the divorce decree, the court did award custody of the children to the respondent and ordered the appellant to pay the sum of $81.25 per month, per child, for their support.

These consolidated appeals arise from a series of events occurring after the divorce, which must be noted in order to place this matter in proper perspective for determination. In June of 1969, the respondent filed her motion to modify the support award and to set aside the separation agreement in which she alleged that the execution of such agreement was induced by false representations made to her by the appellant. No action was ever taken on this motion. On February 12, 1971, the respondent filed her motion to set aside or in the alternative to modify the divorce decree; on August 21, 1974, she filed her motion to modify the decree; and on September 4, 1974, she filed an amended motion to modify the decree in which she asked for an increase in the child support and for attorney's fees. In this latter motion, she alleged that the appellant had failed to pay the various items relating to the home residence as provided in the separation agreement. It is this motion of September 4, 1974 which was ruled by the trial court.

Sometime after the divorce decree was entered, the appellant filed his motion for a change of custody of the children to him. This motion is not included in the transcript, so that the exact date of filing and its precise allegations are not known and are of no particular significance for the reason that the court below denied that motion and the appellant did not appeal from that ruling.

Evidence was heard in the court below on September 3 and 5, 1974, and at the outset, the court stated and counsel agreed that the scope of such hearing was to be limited to the matter of the custody of the three minor children (one child had become eman-

cipated since the divorce) and of their support and maintenance. Also, the court with the agreement and stipulation of counsel, reserved for future determination the matter of respondent's request for attorney's fees.

No useful purpose can be served by a recounting of the evidence adduced except to note that the appellant had not made the mortgage payments or paid the taxes, insurance, maintenance or repairs on the home occupied by the respondent and the children. Foreclosure on the home was averted by the appellant's father, who purchased the mortgage from the holder thereof, but the encumbrance on the home was still unpaid.

On October 4, 1974, the trial court filed its written memorandum opinion and orders overruling the appellant's motion for change of custody and increasing the child support to $200.00 per month, per child. The court further made a finding that the motion of the respondent to set aside the separation agreement had been abandoned and therefore overruled such motion, without prejudice. The appellant thereafter and on November 13, 1974, filed his notice of appeal from the judgment increasing the child support, but as noted above, did not appeal from the denial of his motion for change of custody, and such appeal is lodged in this court as No. KCD 27,666.

At the time of the evidentiary hearing, the record discloses that counsel for appellant objected to the request of the respondent to amend her motion to modify so as to request an allowance of attorney's fees. The record discloses the following notation by the court:

> "Hearing on motions of petitioner (appellant) and respondent commenced September 3, 1974. Hearing resumed September 5, 1974 and concluded except for question of allowance of attorney fees to respondent's counsel. *Stipulated that court may decide present issues and reserve for future determination matter of receipt of amended motion and reopening of respondent's case for evidence on fees.*
>
> S/ Donald B. Clark, Judge

> Dated September 5, 1974" (Emphasis supplied)

In its judgment of October 4, 1974, the court ordered that the respondent file an application and supporting affidavits for the allowance of attorney's fees within 10 days, and granted the appellant 10 days thereafter to respond. On October 15, 1974, the respondent filed her application for the allowance of fees, supported by a detailed affidavit of her counsel showing the work and time records of his law firm in behalf of respondent since August 19, 1974, totaling 38.3 hours, at hourly rates of $20.00 to $50.00 an hour, for a total charge of $1458.50 plus $23.95 in expenses. The appellant made no response to this motion and affidavit, and on November 18, 1974, the court "supplemented" its order of October 4, 1974 by awarding the respondent the sum of $1482.45 as attorney's fees and expenses upon the grounds that appellant had conceded this issue by failing to oppose the request or contesting the factual affidavit in support thereof. The appellant filed his notice of appeal from this order on December 23, 1974, and such appeal is lodged in this court as No. KCD 27,737. As above noted, these appeals were consolidated and so briefed and argued.

The points relied on by appellant do not lend themselves to ready or clear analysis. There are ten in number, some without citation of authorities, and are frequently overlapping and repetitious. Careful study against the somewhat intricate and perplexing background of the trial record permits appellant's points to be considered in three main assignments of error.

*First,* the appellant complains that the court erred and abused its discretion in considering the separation agreement between the parties in awarding an increase in child support and the breach thereof by appellant (Points I, II, III, V and VI). *Second,* there was no substantial and sufficient evidence of a change in condition of the parties to warrant an increase in child support (Point IV). *Third,* the appellant asserts that the trial court erred and abused

its discretion in granting respondent attorney's fees (Points VII, VIII, IX and X).

The charge of error based upon the fact that the trial court should not have considered the separation agreement or the appellant's breach thereof does violence to the clear obligation of the court to place the interests and welfare of the children as its paramount consideration. It has long been the law in this state that while parents can properly settle their property interests by contract, including provisions with reference to child support, their agreements as to the children are not binding on the court in a divorce proceeding but are merely advisory. *McCann v. McCann,* 448 S.W.2d 323, 326[5] (Mo.App.1969); *Houston v. Snyder,* 440 S.W.2d 156, 169[5] (Mo.App.1969). Parents cannot contract away the right of children to look to their parents for support, and any such agreement does not affect the power and duty of the court to determine the matter of child support. *Roberts v. Roberts,* 292 S.W.2d 596, 599[7–9] (Mo.App. 1956). Even though the terms of a separation agreement with regard to child support are adopted by the court and incorporated into a divorce decree, the court is not deprived of its authority to thereafter modify such support award, as changed conditions may warrant. *Green v. Green,* 234 S.W.2d 350, 351[1] (Mo.App.1950); *Messmer v. Messmer,* 222 S.W.2d 521, 524[2] (Mo.App. 1949); *Cervantes v. Cervantes,* 239 Mo.App. 932, 203 S.W.2d 143, 145[3] (1947). These fundamental principles with reference to child support are given statutory recognition under the new Dissolution of Marriage Act, Sections 452.325, subd. 2; 452.325, subd. 4(2); and 452.325, subd. 6, Laws 1973, p. 470, Section 6, effective January 1, 1974.

During the course of the proceedings in the trial court it was repeatedly clear that the court was considering the separation agreement between the parents only as it bore upon the support needs of the children. For example, the court at one point advised counsel:

"I am considering it (the separation agreement) only in the financial aspect, that is what resources are available, and I am not called upon to rule either upon the fairness of the agreement or whether it is or is not enforced. * * *"

Of course, a vital element of the support of any child is housing, a house in which to live. The court below was faced with the inescapable fact that this element of support incorporated in the agreement was withdrawn by the appellant. The only means whereby this void could be filled by the trial court was to increase the amount of cash support so that housing could be supplied by the respondent at the home residence or elsewhere. Other factors incorporated in the settlement agreement directly affecting the support and maintenance of the children of which the court properly took notice, were medical and dental care and education. The trial court did not abuse its discretion by reference to the separation agreement and its breach by the appellant to that limited extent. None of the authorities cited and relied upon by appellant command a different conclusion. Points I, II, III, V and VI are ruled against appellant.

Appellant's position that no change of circumstances was shown which justified the modification proceeding is likewise untenable. What has already been discussed with reference to the housing difficulties encountered by the respondent as a result of the failure of appellant to assure the security of the home justified, and, indeed, required a reassessment of the support and maintenance requirements of the children. Additionally, the appellant by filing and pursuing his motion to modify the custody award in the divorce proceedings, admitted the fact of changed conditions so as to invoke the jurisdiction of the court to resurvey the entire matter with reference to and emphasis upon the welfare of the children. Point IV is ruled against the appellant.

The matter of allowance of attorney's fees is now reached. The appellant's complaints in this regard boil down to the fact that he was not afforded an evidentiary hearing on this matter and that the court lacked jurisdiction because more than 30

days had elapsed since the initial crder of October 4, 1974, and that such order had been appealed.

There is abundant indication in the record that the postponement of the determination of attorney's fees or the ultimate denial thereof was a matter of agreement or stipulation between court and counsel, as indicated by the record made by the court as part of the file on September 5, 1974, as above quoted. The record as to this matter contains long colloquies between court and counsel with reference to the handling of this matter. There can be no doubt but that counsel for appellant strongly objected to the late request for or any allowance of attorney's fees to respondent. The culmination of these discussions appears as follows:

"THE COURT: What I want to avoid in that particular, Mr. Fanning, is that there be no prejudice or advantage to either party by reason of a decision being given on the present issues and in the question of attorneys fees as well as the appropriateness of the receipt of the amended motion and the reopening of the case would not be adversely affected by an, in effect, a partial decision.

MR. FANNING: (Counsel for Appellant) That's what I understand.

THE COURT: And that's acceptable to you?

MR. FANNING: Yes, I understand that. I am not going to raise as a defense to a subsequent request or hearing for attorneys fees for this matter the fact *that it wasn't entered as part of the order that you made in reference to the other issues.*" (Emphasis supplied)

Upon the filing of the motion and supporting affidavit, above described, the appellant made no response by way of a legal brief in opposition to the allowance (which the court had suggested be filed) of counteraffidavits or any request for an evidentiary hearing. While the procedures here employed cannot be recommended for the determination of legal fees in matters of this nature, under the circumstances of this case the allowance will not be disturbed.

The evidence is clear that the respondent is without funds or resources to compensate her attorney. The procedures were in accordance with an agreement of counsel as to the separate judgments. Points VII, VIII, IX and X are ruled against the appellant.

The whole record has been carefully reviewed and there is substantial evidence to support the trial court's orders; they are not against the weight of the evidence; and, the court did not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

The judgments in No. KCD 27,666 and No. KCD 27,737, are affirmed.

All concur.