Ann Lorraine LAMBERT, Respondent,

v.

Harold E. LAMBERT, Appellant.

No. 41133.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1980.

John B. Morthland, Hannibal, for respondent.

Charles L. Hickman, Mitchell & Meade, Palmyra, for appellant.

DOWD, Presiding Judge.

This proceeding to revive a judgment arises out of a divorce decree entered prior to the effective date of the new Dissolution of Marriage Act,[1] § 452.300 et seq., RSMo Supp.1973. The trial court purported to revive the portions of the divorce decree which allegedly awarded alimony and child support. Appellant contends his obligation to pay monthly alimony and child support is contractual and not decretal and that, therefore, the trial court erred in reviving the professed decree.

At the time of their divorce, the parties entered an "Agreement" which, as pertinent, provided:

1. The effective date of Sections 452.300 to 452.-415, RSMo Supp.1973, is January 1, 1974.

§ 452.415 RSMo Supp.1973. The parties' divorce decree was entered February 19, 1966.

"Whereas, in the event the parties hereto are divorced from each other, it is the desire of said parties to make provision for the support of said minor children and to make settlement of certain property rights hereinafter more particularly described:

"Now therefore, for valuable consideration, each received by the other, the parties hereto agree as follows:

"1) The Party of the First Part will pay to the Party of the Second Part for the care, support and education of the said Debra Jane Lambert, now 11 years of age, the sum of $50.00 per month. This payment for the support of said minor child shall continue until she shall have completed her college education, shall be emancipated, or until she shall become twenty-one (21) years of age, which ever event shall first occur.

"It is hereby agreed that said payment for the support of said minor child shall constitute more than 50% of the support and maintenance of such child and that the Party of the First Part shall claim said minor child as his exemption for income tax purposes.

"2) First Party also agrees to pay to Second Party, in addition, as alimony the sum of One Hundred Fifty Dollars ($150.00) per month.

"3) The First Party agrees that all payments for alimony and for the care and support of the said minor child hereby mentioned, shall be paid to the Clerk of the Hannibal Court of Common Pleas, as of the date of a divorce decree being entered between the parties hereto.

"4) It is further agreed that Second Party shall assume the support and maintenance of Judith Ann Lambert, now 18 years of age, and that she shall be entitled to claim said minor child as an exemption for income tax purposes. ·

\*      \*      \*      \*      \*      \*

"8) As a consideration for the execution of this agreement, party of the second part hereby releases party of the first part of any further obligation for the support of the party of the second

part and the children born of this marriage and from all rights and claims arising by reason of the marriage, or otherwise, and party of the second part hereby specifically agrees that she has no claims against party of the first part arising by reason of the marriage or otherwise, including dower or curtesy in and to any property now owned or hereafter acquired by party of the first part."

The parties' divorce decree provided in part:

"The Court finds that a property settlement was made and entered into between the parties hereto on the 19th day of February, 1966, which the court has examined and finds to ·be reasonable and valid and is hereby approved.

"The Court finds that of this marriage there are two minor children, Judith Ann Lambert, now 18 years of age and Debra Jane Lambert, now 11 years of age, and the court finds that in the agreement made and entered into by and between the parties hereto on the 19th day of February, 1966, above referred to, the care, support, and maintenance of said minor children have been amply provided for, and that the defendant is awarded the general care and custody of said minor children born on [sic] this marriage. The agreement between the parties above referred to as to the custody, care, education, support and maintenance of said minor children in accordance with the terms, conditions and provisions of the said agreement between the parties is hereby approved."

██ As recently reaffirmed by the Supreme Court, the parties' pre-Dissolution Act provisions for alimony must be construed upon their wording to ascertain the intention of the parties. The intention of the parties determines whether an allowance of maintenance noted in the agreement settling property rights and other marital matters is contractual or statutory. *Keltner v. Keltner*, 589 S.W.2d 235 at 238 (Mo.banc., 1979); *accord, Jones v. Jones*, No. 40978 (Mo.App., E.Dist., August 14, 1979); *Whitworth v. Whitworth*, 559 S.W.2d 292 (Mo.App.1977); *LaFountain v. La-*

**615**

*Fountain*, 528 S.W.2d 847 (Mo.App.1975); *Nelson v. Nelson*, 516 S.W.2d 574 (Mo. App.1974). In the instant case, the language employed in both the agreement and decree establish the parties' intention of contractual rather than decretal alimony. *Goodman v. Goodman*, 576 S.W.2d 747, 749[1] (Mo.App.1979) (property settlement agreement which was "filed" and "approved" by the trial court but not incorporated into the decree was contractual); *LaFountain v. LaFountain, supra* (language in agreement stating the parties' agreement constituted a full and complete settlement of property and marital rights and releasing each other from all other rights and claims and the absence of trial court's exertion of any control over alimony payments in the decree indicated alimony was contractual); *cf., Keltner v. Keltner, supra* (reference to "statutory alimony" in agreement indicated intention of decretal alimony); *Jones v. Jones, supra* (agreement's provision for alimony "until further order of the Court respecting alimony" indicated intention of decretal alimony). As such, no decree of alimony existed which could be revived by the trial court, and the trial court's judgment must be reversed insofar as it purports to revive a non-existent decree.

The issue whether the parties' child support obligations are decretal or contractual turns upon different considerations, however. Agreements with respect to child support, custody, and visitation are merely advisory to the court and do not affect the court's power and duty to determine child support. *Goodman v. Goodman, supra* at 751[4]; *Williams v. Williams*, 542 S.W.2d 563, 566[1–2] (Mo.App.1976). Even if the terms of a separation agreement with regard to child support are adopted by the court, the agreement is incorporated into the decree, and the trial court is not divested of its authority over support obligations. *Williams v. Williams, supra* at [3]. The support obligations are merged in the decree and are modifiable and enforceable by the court. Thus, the obligation to provide $50 per month child support for Debra Jane Lambert until she completed a college education, became emancipated, or became 21 sometime in 1976 was a decretal child support obligation. As such, the trial court could revive the decree for enforcement.

The portion of the judgment purporting to revive the alimony obligation of appellant is reversed. The portion of the judgment reviving respondent's child support obligation is affirmed.

CRIST and SNYDER, JJ., concur.