Josephine BREWER, Plaintiff–Appellant,

v.

Robert BREWER,
Defendant–Respondent.

No. 41595.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 22, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Edward J. Delworth, St. Louis, for plaintiff–appellant.

Albert George Beyer, St. Louis, for defendant–respondent.

DOWD, Presiding Judge.

The former wife appeals from the trial court's summary judgment in favor of the

former husband in appellant's action seeking a declaratory judgment that respondent was obligated to pay contractual alimony to appellant by the terms of a "Stipulation Agreement" entered at the time of the parties' divorce.

The parties were divorced in 1970. Originally, appellant had petitioned for divorce. When the cause was heard, however, appellant dismissed her petition; and respondent was granted the divorce upon his cross–bill. The divorce decree found respondent to be the injured party and provided, in part:

"It is further ordered, adjudged and decreed by the Court that the [appellant] have and recover of the [respondent] as and for her alimony, the sum of $300.00 per month, payable on the 1st day of each month, so long as [appellant] shall live and not remarry and so long as [respondent] shall live, but in no event shall said payments last longer than July 31st, 1981, the first payment to be made and to become due and payable forthwith. Stipulation, re–filed."

The stipulation to which the decree referred was a "Stipulation Agreement" entered by the parties prior to their divorce while both appellant's petition and respondent's cross–bill for divorce were pending. The agreement recited its consideration and the parties' "desire and intention ..., should the action for divorce result in divorce, that they should by this stipulation forever and for all times settle their property rights between them." The agreement apportioned court costs and attorneys fees pertaining to the divorce action, the real and personal property of the parties, the parties' debts, and the parties' tax benefits. In addition, Paragraph 6 provided:

"That in the event that [appellant] shall be granted a divorce, [respondent] shall pay to her as and for statutory alimony the sum of three hundred dollars per month, payable on the first day of the month, taxable to [appellant], so long as [appellant] shall live, but in no event shall said payments last longer than July 31st, 1981. The alimony has been calculated, based upon the assumption that [appel-

lant] is totally unable to work now or in the future and is under medical attention and that [respondent] is exceeding his present ability to pay in anticipation of future increases of income of at least 5% per year."

In 1975, appellant sought garnishment of respondent's wages to enforce alleged decretal alimony. Respondent moved to quash garnishment upon the grounds the parties' divorce was governed by the law prior to enactment of the Dissolution of Marriage Act, §§ 452.300 et seq. RSMo Supp.1973; that the governing law prohibited any award of alimony except as incidental to a decree in favor of appellant; that the decree of divorce was in favor of respondent; and that, therefore, appellant's claims of alimony were not enforceable as a decree. The trial court quashed the garnishment.

Appellant instituted her current declaratory judgment action in 1977. She sought a declaration that paragraph 6 of the parties "Stipulation Agreement" contractually obligated respondent to pay her alimony. The trial court granted respondent's motion for summary judgment upon the basis the "Stipulation Agreement" evinced the parties' intention to arrange decretal alimony. The trial court noted the parties' use of the term "statutory alimony" and the fact alimony was to be made conditional upon appellant being granted the divorce in finding the parties envisioned decretal alimony.

As held by our Supreme Court in *Keltner v. Keltner,* 589 S.W.2d 235 (Mo. banc 1979), the parties' pre–Dissolution Act provisions for alimony must be construed upon their wording to ascertain the intention of the parties. The intention of the parties determines whether an allowance of maintenance noted in the agreement settling property rights and other marital matters is contractual or statutory. *Accord, Lambert v. Lambert,* 593 S.W.2d 613, 614–15[1] (Mo.App.1980). The trial court in the instant case correctly noted that the parties' use of the term "statutory alimony" in their agreement would indicate an intention of decretal alimony. *Keltner v. Keltner, supra*

at 238[5]. However, use of the term "statutory alimony" is not the sole and controlling factor, and facts indicating the parties' intention of contractual alimony may predominate.

 In the instant case, the parties' stipulation purported to be a final settlement of property rights, and the agreement broadly covered all of the parties' real and personal property and expenses attendant to the divorce action in addition to alimony. The breadth of the agreement indicates the contractual intention of the parties. *LaFountain v. LaFountain*, 523 S.W.2d 847 (Mo.App.1975); *Nelson v. Nelson*, 516 S.W.2d 574, 479 (Mo.App.1974). Further, the parties' agreement as to alimony was beyond the power of the court to grant as statutory alimony. The agreement provided for alimony which was to arbitrarily terminated on July 31, 1981.[1] An award beyond the court's power indicates contractual alimony. *Whitworth v. Whitworth*, 559 S.W.2d 292, 293–94[2] (Mo.App.1977); *Nelson v. Nelson, supra* at 578–79[4].

The conclusion the parties intended contractual alimony is also supported by the respondent's admission contained in his motion to quash garnishment that the stipulation "represented a contractual relationship between the parties."

 We believe the record indicates the parties contemplated that appellant receive contractual alimony should either party be granted a divorce. The "Stipulation Agreement" was entered while appellant was seeking divorce. On the day of hearing, appellant dismissed her petition and respondent was granted the divorce. That the parties intended to dispose of all of their property rights, including the fact that appellant was still to receive contractual alimony, is indicated by the fact that the "Stipulation Agreement" was "re–filed" without modification. This is a clear indication that the parties intended that appellant was to receive contractual alimony despite the fact that respondent was awarded the divorce. Had this not been the intent it would have been a simple matter to delete the support provision from the stipulation. The trial court's conclusion the parties intended decretal alimony is not supported by the record. It was error to enter a judgment for respondent.

The judgment is reversed.

REINHARD and CRIST, JJ., concur.

---

1. Respondent made alimony payments after the divorce until October 27, 1975.