**Shirley G. MORRIS, Appellant,**

v.

**John W. MORRIS, Respondent.**

No. 44808.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

---

Sherri L. Cranmore, Clayton, for appellant.

William R. Kirby, St. Louis, for respondent.

CRIST, Judge.

Former wife (wife) appeals from summary judgment entered in favor of former husband (husband) in her suit to force husband to resume $200.00 per month alimony payments. We reverse and remand.

The marriage of the parties lasted from August 21, 1945 until July 8, 1970. On June 29, 1970, the parties entered into a contract to settle their marital rights. In that agreement, husband agreed to pay wife $200.00 per month for alimony. Wife was given real estate subject to a note and deed of trust, which note and deed of trust had been executed by both parties. Wife was to make the payments on this mortgage, but if she failed to do so, husband had the option to apply the $200.00 per month alimony payment on such mortgage payments.

The original trial court's divorce decree gave wife "the sum of $200.00 per month as and for alimony, beginning August 1, 1970." The June 29, 1970 agreement was made an exhibit to the decree as follows: "Stipulation filed, marked Plaintiff's (wife's) Exhibit '1'."

Husband duly made $200.00 per month alimony payments through September 19, 1980. The judgment for alimony was not revived. None of the alimony payments were entered on the record.

Wife based her suit on the June 29, 1970 agreement. Husband filed a motion for summary judgment stating: "[U]pon the pleadings herein, the exhibits annexed thereto and to this motion, and the affidavit of this motion," he was entitled to summary judgment because the alimony was decretal and therefore wife's suit was barred by the Statute of Limitations § 516.-350, RSMo. 1978. Wife too filed a motion for summary judgment, claiming the alimony obligation was contractual. The trial court granted summary judgment to husband and simultaneously denied wife's motion for summary judgment.

On this appeal, we considered only the matters put before us by the motion for summary judgment. Therefore, we make no ruling on wife's objection in her reply brief to husband's supplemental legal file. *But see, Rubbelke v. Aebli,* 340 S.W.2d 747, 750 (Mo.1960). We also note that since wife's suit is based on the agreement of

June 29, 1970 and the parties were divorced by a decree dated July 8, 1970, the current Dissolution of Marriage Act, §§ 452.300, et. seq., RSMo. 1978, effective January 1, 1974, is not applicable to this case. *Keltner v. Keltner*, 589 S.W.2d 235, 236 (Mo.banc 1979).

The June 29, 1970, agreement was an agreement to settle all marital property rights, including alimony. It is of no import that the $200.00 per month payment was incorporated in the decree. *Nakao v. Nakao*, 602 S.W.2d 223, 227 (Mo.App.1980). The breadth of the agreement is a sign of the contractual intent of the parties. *Brewer v. Brewer*, 607 S.W.2d 694, 696 (Mo. App.1980). Further, the agreement of the parties as to the application of alimony payments to the note and deed of trust was, when written, beyond the authority of the original trial court to award as decretal alimony. *See generally, Bryson v. Bryson*, 624 S.W.2d 92, 97 (Mo.App.1981). As the presence of these two factors in the record indicate contractual rather than decretal alimony, we believe it was error for the trial court to enter summary judgment in favor of husband. *Brewer, supra.*

Accordingly, summary judgment in favor of husband is reversed. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

REINHARD, P. J., and SNYDER, J., concur.