Donald L. LEWIS, Appellant,

v.

Virginia LEWIS, Respondent.

No. 44106.

Missouri Court of Appeals, Eastern District, Division Three.

June 8, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Alice L. C. Kramer, Hillsboro, for appellant.

Maurice B. Graham, Fredericktown, for respondent.

REINHARD, Presiding Judge.

The trial court entered a decree dissolving the parties' marriage of 31 years. Those provisions of the decree pertinent to this appeal provided that wife was to receive the marital home valued at $45,000.00, her automobile, other marital property, and maintenance of $400.00 a month until her husband's retirement at which time she was to receive ⅓ of his retirement benefits. In addition, she was required to pay certain debts. The decree awarded husband his profit sharing plan valued at $50,000.00 as marital property, and his truck. He was also required to pay certain debts. Husband appeals attacking the marital property and maintenance provisions of the decree. We affirm as modified.

As to the property provisions of the decree, husband contends the court erred in including his profit sharing plan as marital property, valuing it at $50,000.00 and unfairly dividing the marital property.

Husband, age 49, had worked for St. Joe Minerals for thirty years and at the time of trial was employed as a mine captain. Through his employment, husband participated in a profit sharing plan. It was stipulated that the present value to the trustee of husband's plan was $60,705.00. His interest in the plan was vested. That is, if he were to die, terminate his employment voluntarily or involuntarily, retire or become disabled, he would be entitled to the full amount in the plan. His interest was not contingent on remaining alive to retirement nor was it subject to divestment. Under these circumstances, the trial court committed no error in including husband's plan as marital property. *In re Marriage of Faulkner*, 582 S.W.2d 292 (Mo.App.1979). Husband's citation to *Robbins v. Robbins*, 463 S.W.2d 876 (Mo.1971) which declared that retirement benefits which become vested only upon actual retirement, are too speculative to be considered marital property, is therefore inappropriate.

209

Each party presented the evidence of an expert as to the valuation of the plan. Husband's expert found the present value of the plan was $11,873.03 if husband retired at age 55; $4,918.72 at age 62 and $3,759.42 at age 65. His calculations took into account federal income taxes and used a discount factor of 15%. Wife's expert found the present value of the plan was $57,850.41 if husband retired at age 55; $54,267.91 if husband retired at age 62 and $50,444.48 if he retired at age 65. Wife's expert assumed an earnings rate of 9% by the plan, and inflation of 10%, but did not take into account federal income taxes. The evidence established that 95% of salaried St. Joe Mineral employees retire at age 62.

In *In re Marriage of Faulkner*, 582 S.W.2d 292 (Mo.App.1979), this court was presented with the valuation of a St. Joe Minerals profit sharing plan. In *Faulkner*, the trial court found a $34,282.82 plan had a value of $20,000.00, taking into consideration inflation and federal income taxes. In affirming the valuation, Judge Dowd said: "A court is entitled to take cognizance of current inflationary trends and tax liability in dividing marital property. In fact, the failure to take such factors into account in this regard has been held to be unfair. *Klinge v. Klinge*, 554 S.W.2d 474 (Mo.App. 1977) (inflation); *Butcher v. Butcher*, 544 S.W.2d 249 (Mo.App.1976) (tax)." 582 S.W.2d at 296.

In light of the testimony and exhibits, the trial court made the following finding:

That in valuing the said profit sharing plan, the court ... finds that it must adjust valuations of both experts; first, the Court finds that expert Lewis has not considered any profits to be made by the trustee of the plan and the consequent growth of petitioner's interest vested therein, and second, that the expert Wright has not considered any tax consequences to occur at the time that petitioner were to realize any benefits from the plan. The Court notes that these factors are supported by the testimony adduced from the expert Lewis. The

Court finds the present value of the said profit sharing plan to be approximately fifty thousand dollars ($50,000.00), also considering the average retirement age of like employees.

■ Husband contends that the court's valuation does not take into account a discount factor or an accurate evaluation of tax consequences. The valuation of a profit sharing plan like this one here, is difficult because of contingent factors such as future inflation and interest rates. Nonetheless, a valuation must be made. The trial judge's valuation of the plan falls within the range of values established by the experts. We think the judge made an attempt to value the plan, taking into account the proper factors, but it is apparent the trial judge did not give adequate consideration to federal income tax liability and consequently overvalued the plan.

■ Nonetheless, this error is harmless. Although he overvalued the profit sharing plan awarded to husband, he also overvalued the house which he awarded to wife.

■ At the beginning of the trial, the parties filed a written stipulation with the court in which they valued the house at "$35,000.00—$40,000.00." On direct examination though husband testified that the house was valued at $45,000.00. The trial court accepted this figure in its findings of fact, even though it is $5,000.00 more than the maximum amount the parties stipulated was its value. This was clearly error. A stipulation is a proceeding in court, under the court's supervision. Unless attacked or set aside, it is binding upon the court and parties. *Williams v. Wilder*, 397 S.W.2d 696, 704 (Mo.App.1965). *See, In re Ebinger*, 573 S.W.2d 738, 740 (Mo.App.1978) where the appellate court set aside a trial court's valuation of property which was higher than the value set by oral stipulation of the parties.

■ The trial court is only required to divide the marital property in a just fashion. § 452.330 RSMo. 1978. This does not require an equal division of the property but a fair and equitable division. The trial

court is vested with considerable discretion in dividing marital property and an appellate court will only interfere if the division is so heavily and unduly weighted in favor of one party to constitute an abuse of judicial discretion. *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo.App.1981). Initially, the trial judge divided the marital property in a nearly equal fashion. The amounts by which the two assets were overvalued are near enough that we see no reason to disturb the distribution of the marital property decreed by the trial court. This point is ruled against husband.

The trial court awarded wife $400.00 a month maintenance until husband's retirement at which time it was modified "to be ... one third (⅓) of the net monthly retirement benefit paid by [husband's] employer as part of his retirement plan." Husband alleges the trial court erred in awarding maintenance to wife because of her misconduct and because she was able to support herself. He also asserts the trial court erred in modifying the maintenance at retirement and requiring him to pay his wife one third of his retirement benefits.

The trial court expressly found that neither party established any substantial marital misconduct. The trial court had broad discretion in granting maintenance and the appellate court should not interfere unless an abuse of discretion clearly appears. *Naeger v. Naeger*, 542 S.W.2d 344, 347 (Mo.App.1976). In Missouri, if a wife is not awarded the custody of children whose ages are such that she must stay in the home, maintenance should only be awarded where the spouse: (1) lacks sufficient property, including marital property to provide for her reasonable needs, and (2) is unable to support herself through appropriate employment. *Metts v. Metts*, 625 S.W.2d 896, 900 (Mo.App.1981); § 452.335.1 RSMo. 1978.

Here, the evidence established that wife's expenses exceeded her income by at least $800.00 a month. We have reviewed the record and cannot say that an award of $400.00 a month in maintenance was an abuse of discretion.

The modification of maintenance at husband's retirement however, was error. Here, husband's retirement is not imminent and is probably more than 10 years away. There was no evidence of the amount of husband's retirement benefits nor of wife's retirement benefits. Under these circumstances, this is a modification of maintenance "based on speculation as to the future conditions of the parties" and as such cannot stand. *In re Marriage of Powers*, 527 S.W.2d 949, 956 (Mo.App.1975).

Affirmed as modified.

SNYDER and CRIST, JJ., concur.