**Sarah Gay Samuel KLINGE, Appellant,**

v.

**Frederick Rudolph KLINGE,
III, Respondent,**

**Robert Rasse and John Rasse,
Garnishees-Respondents.**

**No. WD 34308.**

Missouri Court of Appeals,
Western District.

Dec. 27, 1983.

James A. Rahm, Carrollton, for appellant.

Robert H. Ravenhill, Marshall, for respondents.

Before MANFORD, P.J., and CLARK
and KENNEDY, JJ.

PER CURIAM:

Former wife appeals from the order of the Saline County Circuit Court sustaining the garnishees' motion to quash garnishment of her former husband's wages to satisfy his child support obligation.

Judgment reversed and cause remanded.

The marriage of Sarah and Frederick Klinge was dissolved on October 26, 1978.

Custody of the minor child was awarded to Sarah, and Frederick was ordered to pay $140 per month child support. Frederick was granted visitation rights, including two three-week periods in the summer. A separation agreement entered into by the parties was approved by the court and the parties were ordered to perform all the terms and provisions thereof. The separation agreement required that Frederick pay $140 per month child support while the child was "in the wife's custody."

Frederick exercised his right to visitation for three weeks in each of July and August of 1979. For those two months, he paid only $70 total as child support instead of $280. Sarah instituted garnishment in aid of execution, claiming that he owed $350 in back child support, and garnishees moved to quash. At the hearing, counsel for appellant admitted that only $210 was due because $140 of the amount had been paid prior to the hearing.

Wife claims that there was no substantial evidence to show that husband did not owe her money for child support for July and August of 1979. Husband's position is that he was not obligated to pay child support for the six weeks when the child was in his actual "custody." He points to the language of the separation agreement which requires support payments while the child is "in the wife's custody." He also refers to language of the decree approving the separation agreement "in all things."

The terms of the separation agreement relating to child custody were, according to the separation agreement, to be set forth in the decree. *See* § 452.325.4, RSMo 1978. However, those terms were not entirely set forth in the decree; the words "while in the wife's custody" were omitted from the court's order.

■ The court is under no obligation to utilize the terms of the separation agreement in its order for dissolution. "[Separation] agreements with respect to child support, custody and visitation are merely advisory to the court's power and duty to determine child support." *Lambert v. Lambert,* 593 S.W.2d 613, 615 (Mo.App.1980);

*Goodman v. Goodman,* 576 S.W.2d 747, 751 (Mo.App.1979); *Williams v. Williams,* 542 S.W.2d 563, 566 (Mo.App.1976).

■ Moreover, brief periods of visitation with the non-custodial parent should not interrupt child support payments. The husband was not relieved of his support obligation during the six weeks of visitation and he was not entitled to deduct for the weeks when he had "custody" of the child. Although the husband was given visitation rights, he is not the custodial parent—primary custody remained with the wife. Missouri courts have denied credit for support paid other than as ordered by the decree, holding that "[w]here a father must pay child support to his former wife, amounts he has given to or spent on behalf of the children in her custody are not credits against arrearages owed." *Lieffring v. Lieffring,* 622 S.W.2d 519, 520 (Mo.App. 1981); *Royall v. Legislation & Policy Division,* 610 S.W.2d 377, 380 (Mo.App.1980); *Goeller v. Goeller,* 346 S.W.2d 545, 547 (Mo. App.1961).

■ The decree does not contain the words "while in the wife's custody" and furthermore expresses the child support in monthly amounts. The husband is not entitled to deduct from his monthly obligation a pro rata amount for the time the husband was exercising his right of visitation or temporary custody.

Judgment reversed and cause remanded.