Jeannette A. MEADOWS
(Tolley), Respondent,

v.

Darrell H. MEADOWS, Appellant.

No. WD 35575.

Missouri Court of Appeals,
Western District.

Feb. 19, 1985.

Robert G. Fisher, Independence, for appellant.

John R. Jack, Blue Springs, for respondent.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

TURNAGE, Chief Judge.

Darrell Meadows filed a motion to modify the amount of child support he had been ordered to pay in a dissolution decree. The court entered judgment reducing the amount of support to $300 per month for a period of one year, at which time the amount would revert to the original $450 per month.

Darrell contends that the court erred in using an escalator clause in the modification judgment; that $300 per month is beyond his ability to pay; that the order failed to implement a stipulation that child support abate during times Darrell had temporary custody; and that the court should have made the modification effective as of the date Darrell filed his motion, rather than the date of the hearing. Reversed and remanded.

The marriage of Jeannette and Darrell was dissolved on February 27, 1981. The court granted Jeannette custody of the two girls, who were about eight and twelve at the time of the dissolution. The court awarded Jeannette the sum of $225 per month per child and granted Darrell certain visitation and temporary custody rights.

At the time of the dissolution, Darrell worked as a nurse in a General Motors plant. He had been earning between $28,000 and $31,000 per year. In mid-November of 1982, Darrell was informed that General Motors had upgraded the educational requirements for his job and that henceforth his job would require a person with an RN. Darrell had only received military medical corpsman training and did not possess an RN. General Motors gave Darrell the choice of being terminated or being placed on leave without any benefits or salary, and Darrell chose to take a leave.

At the hearing, Darrell testified about his former employment and the circumstances surrounding his loss of that job. Darrell also testified concerning his employment from the time he lost his job until the hearing on May 24, 1983. He stated he had earned $93.95 for delivering booklets, and had earned between $4.50 and $4.95 per hour while employed as a clinical research technician. He lost the technician job after a short time, and had since been looking for work and attending school to qualify as a medical assistant. No evidence was presented as to the amount Darrell could earn as a medical assistant. Darrell stated that it would take several years

to earn an RN, and at his age he did not plan to undertake that much education.

After the dissolution, Jeannette had remarried and moved to Georgia with the two girls. She did not appear at the hearing on the motion, and the only evidence presented on her behalf was a statement of earnings and expenses prepared by her.

The court found that a substantial and continuing change of circumstance had occurred which made it unreasonable to continue the original decree without modification. The court ordered the amount of child support reduced from $225 per month per child to $150 per month per child, effective May 24, 1983. The court further ordered that effective June 1, 1984, the amount of child support would be restored to $225 per month per child.

Darrell contends that the escalator provision in the judgment which increases the child support in the future without any further motion or hearing is invalid. Darrell asserts several reasons why this was erroneous, but it will suffice to state that the court had received no evidence upon which it could base a finding that on June 1, 1984, Darrell would have the ability to pay $450 per month.

In *Lewis v. Lewis*, 637 S.W.2d 207 (Mo. App.1982), the court awarded the wife a fixed monthly sum until the husband's retirement, at which time she was to receive one-third of his benefits. The court struck the modification portion of the judgment because there was no evidence of the amount of either the husband's or the wife's retirement benefits, and thus the modification order was based on speculation. *Id.* at 210[8]. *See also Stanaway v. Stanaway*, 70 Mich.App. 294, 245 N.W.2d 723, 724[1] (1976).

In this case, there was no evidence as to the availability of a job in the medical assistant field nor as to the salary Darrell could expect in that field. Darrell could not go back to his General Motors job without an RN, and the prospect of that is virtually nil. Thus, his only future job possibility is a medical technician position.

On these facts, the modification by way of an escalation on June 1, 1984, was based purely on speculation and therefore cannot stand.

Darrell next contends that the sum of $300 per month in total support was not justified by the evidence. The only evidence concerning Darrell's earnings after he lost his General Motors' job was one temporary job and another job which lasted only a short time. At the time of the hearing, he was attending school and not earning any money. He was living at home and being supported by his mother. Darrell had received a house in the dissolution, but he testified that it was in a state of disrepair and unrented. Darrell had been cited for contempt for failure to pay child support, but he had agreed to pay a total of $195 per month in child support. These payments were being made at the time of the hearing.

While the court must determine the reasonable needs of the children and the reasonable ability of the father to meet those needs in setting the amount of child support, the financial resources of the noncustodial parent is the prime factor. *Hopkins v. Hopkins*, 664 S.W.2d 273, 274[1, 2] (Mo.App.1984).

The evidence concerning Darrell's lack of income and lack of resources with which to pay child support is not disputed. The trial court found that Darrell was unable to pay a total of $450 per month. There is no evidence that Darrell was able to pay $300 per month, but there was evidence that he was paying $195 per month. Considering all of the factors enumerated in § 452.340, RSMo 1978, the sum of $195 per month, or, $97.50 per month per child, would be reasonable.

Darrell also contends that the court should have incorporated in its judgment a provision that child support would be abated during the two months each summer when Darrell has temporary custody. Darrell testified that he and Jeannette had entered into a stipulation after she moved to Georgia by which he was to have custo-

dy of the girls from the middle of June to the middle of August each year, and that for that time Darrell would not be expected to pay child support. There was no motion seeking a modification of the judgment to reflect this temporary custody to Darrell nor any judgment which provided that child support would abate during that time. Absent a judgment relieving Darrell from the obligation to pay child support while he has temporary custody, he is not entitled to deduct a pro rata amount of child support during the time he has temporary custody. *Klinge v. Klinge,* 663 S.W.2d 418, 419[3] (Mo.App.1983).

Darrell finally contends that the court should have made its modification judgment effective as of December 27, 1982, when the motion was filed, rather than on May 24, 1983, when it was heard. In *Stitt v. Stitt,* 617 S.W.2d 645, 648[9] (Mo.App.1981), the court held that the effective date of a modification is within the trial court's sound discretion and will only be amended if a clear abuse of discretion is shown. Here, Darrell had lost his job in November of 1982, and he filed his motion on December 27, 1982. The court found that there had been a change of circumstance which made the terms of the dissolution unreasonable. The record contains no evidence from which it could be found that Darrell had any greater ability to pay on May 24, 1983, than he did at the time he filed the motion. Under the circumstances of this case, the effective date of the modification should be the date the motion was filed, and the court abused its discretion in failing to make the change effective as of the date of filing.

The judgment is reversed and this cause is remanded with directions to enter judgment modifying the judgment of February 27, 1981, to provide that Darrell pay $97.50 per month per child in child support, effective December 27, 1982. Such sum is to continue until further order of the court.

All concur.