**In re the Marriage of Deborah M. ALLEN, Appellant,**

v.

**Gary ALLEN, Respondent.**

**No. 58930.**

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1991.

Deborah Jean Tomich, St. Charles, for appellant.

Elizabeth Walker Swann, O'Fallon, for respondent.

KAROHL, Judge.

Mother appeals from decree of dissolution after a trial on July 13, 1990. She contests the award of child support only. Neither party was awarded maintenance. One child was born of the marriage on September 10, 1989. The dissolution court granted mother custody of the child and ordered father to pay the sum of $250 per month child support. On appeal mother contends the court erred in:

ORDERING HUSBAND TO PAY TO WIFE THE SUM OF TWO HUNDRED

FIFTY DOLLARS ($250.00) PER MONTH FOR CHILD SUPPORT FOR THE PARTIES' MINOR CHILD IN THAT SUCH AN AMOUNT IS NOT IN CONFORMANCE WITH THE SUPPORT CALCULATED PURSUANT TO MISSOURI SUPREME COURT RULE 88.01(e); AND BECAUSE THERE WAS NO FINDING ON THE RECORD THAT THE PRESUMED AMOUNT CALCULATED ACCORDING TO THE AFORESAID RULE WAS, AFTER CONSIDERING ALL RELEVANT FACTORS, UNJUST OR INAPPROPRIATE; THEREFORE, THE ORDER BY THE COURT WAS AN ERRONEOUS APPLICATION OF THE LAW.

This point is dispositive. We remand with directions to amend the award of child support to $435 per month.

The following undisputed evidence was adduced at trial. Mother grosses $1,354.17 per month and father grosses $2,460.25 per month. Father is under a prior court order to pay $433 per month for the support of children from a previous marriage. Mother directly incurs $215 per month in expenses for the child. Mother pays $260 per month for work-related child care costs. Mother rents an apartment for $370 per month, and monthly pays $100 for electricity and $55 for telephone.

■ On October 2, 1989, the Supreme Court adopted Rule 88.01, presumed child support amount, and Civil Procedure Form No. 14, mandatorily effective April 1, 1990. "There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding for dissolution of marriage...." Rule 88.01(e). The court may make an award which differs· from the chart if it enters a finding on the record that the amount of child support calculated pursuant to the chart is unjust or inappropriate. *Id.*

We find the dissolution court erroneously applied the law by making an award of child support of $250 which differed from Rule 88.01 and Form 14 by $190 without making the required finding. *See Murphy*

*v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Using Form 14, the parties have an adjusted gross income of approximately $3,381. The schedule of basic support obligation presumes the needs of the child are $474 per month exclusive of the $260 work-related child care costs, for a total of $734. Thus, father's proportionate share of child support obligation (60%) is approximately $440, not $250 as the court award.

However, mother's evidence rebuts the presumed amount, albeit slightly. The child's need is $725 per month ($215 direct expenditures, $185 housing, $65 utilities and $260 child care). Therefore, father's proportionate share of child support obligation (60%) is $435 per month.

■ Father argues an award of more than $250 per month is unjust because father does not have the ability to pay a greater sum. The trial court did not make a finding on this claim and such orders require a balancing of both parties' financial condition. Section 452.340.1(2) RSMo Cum.Supp.1990. After father pays his child support obligations of $433 and $435, he has approximately $800 to meet his own expenses. After mother receives child support of $435 and expends $725 per month on the child, mother has approximately $610 to meet her personal expenses. Thus, mother does not have the ability to absorb a greater portion of the child's expenses than is mandated under Form 14. An award of $435 child support is just after considering all relevant factors. Section 452.340 RSMo Cum.Supp.1990.

We reverse and remand and direct the dissolution court to amend the decree to order father to pay mother the sum of $435 per month child support.

PUDLOWSKI, P.J., and GRIMM, J., concur.