Cheryl Jean WOOD, formerly
Schmachtenberger,
Appellant,

v.

Carl Glen SCHMACHTENBERGER,
Respondent.

No. 17255.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 7, 1991.

Lisa C. Henderson, Buffalo, for appellant.

Robert C. Fields, Springfield, for respondent.

CROW, Judge.

The marriage of Cheryl Jean Schmachtenberger (now Wood) and Carl Glen Schmachtenberger was dissolved October 14, 1982. The decree awarded Cheryl custody of the parties' two children: Robyn Marie, born June 16, 1970, and Tammy Jean, born November 29, 1972. Carl was ordered to pay Cheryl child support of $162.50 per month per child except July, the amount for that month being $81.25 per child.

On July 6, 1989, Cheryl filed a motion to increase child support.

On June 11, 1990, Carl filed a motion for custody of Robyn or, alternatively, for an order directing him to pay the child support for Robyn to her instead of Cheryl per § 452.340.5, RSMo Cum.Supp.1989.[1]

On June 12, 1990, Robyn (who had recently completed her second year of college) filed a motion pro se averring she was residing outside Cheryl's home and was planning to enroll for her third year of college. Robyn's motion prayed that Carl be awarded custody of her until her emancipation or, alternatively, that he be directed to pay the child support for her directly to her.

Following a two-day trial,[2] the trial court entered an order November 13, 1990, transferring custody of Robyn to Carl. The order further provided:

"[Carl] shall be responsible for providing support in kind for ... Robyn ...

---

1. Section 452.340.5, RSMo Cum.Supp.1989, reads: "If the child is enrolled in an institution of ... higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution ... the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.

If the child is enrolled in such an institution, the child or obligated parent may petition the court to amend the order to direct the obligated parent to make the payments directly to the child...."

2. September 12–13, 1990.

and [Carl] is ordered to pay to [Cheryl] ... $78.00 per month for the support of ... Tammy ... which payment shall be made on the first day of each month beginning October 1, 1990, until said child graduates from high school, at which time said child support for Tammy ... should increase to the sum of $253.00 per month and shall continue until said child reaches majority, is otherwise emancipated or until further order of this Court."

Cheryl appeals. Her sole point relied on reads:

"The trial court erred in making its order increasing the amount of child support due from [Carl] effective beginning October 1, 1990 instead of on July 6, 1989, the date [Cheryl's] motion to modify was filed in that the evidence ... clearly showed that [Carl] had the ability and means to pay the increased support on July 6, 1989 and that [Cheryl] was in need of such support on that date and that the passage of over a year's time before the case was set for hearing was not due to neglect by [Cheryl] in pursuing the action for increased support."

The point is baffling. The order transferred custody of Robyn from Cheryl to Carl and provided no immediate increase in the child support Carl was to pay Cheryl for Tammy. Indeed, the support for Tammy was *decreased* from $162.50 per month ($81.25 for July) to $78 per month. The only provision for an increase in child support due Cheryl from Carl was the proviso that the support for Tammy would increase to $253 per month when she graduates from high school.[3] It is evident from the argument in Cheryl's brief that this is not the "increase" to which her assignment of error refers.

Cheryl's brief directs us to a finding by the trial court that Cheryl's monthly gross income is $1,076 and Carl's is $2,305. After making that finding, the trial court

referred to the "Child Support Guidelines in Supreme Court Rule 88.01"[4] in setting forth its decision regarding child support.

Cheryl tells us that applying the guidelines to the parties' incomes, the basic monthly child support obligation for two children totals $737. Cheryl maintains Carl should have been responsible for 70 percent of that amount—$516—during the time both children were in her custody. Her contention, as we grasp it, is that the trial court should have ordered Carl to pay her $516 per month (instead of the $325 per month provided by the dissolution decree) from the date she filed her motion to modify (July 6, 1989) until October 1, 1990.

Cheryl cites two cases: *Meadows v. Meadows*, 686 S.W.2d 558 (Mo.App.1985), and *In re Marriage of D.M.S.*, 648 S.W.2d 609 (Mo.App.1983). Neither is applicable. In *Meadows*, a father (the noncustodial parent) moved to reduce his child support obligation. The trial court granted a reduction, but made it effective the date the motion was heard instead of retroactively to the date the motion was filed. The Western District of this Court held the reduction should have been made effective as of the date the motion was filed, as there was no evidence the father's ability to pay was any different that date than on the hearing date.

In *D.M.S.*, also a modification proceeding, the father had custody of a child who had to be hospitalized six weeks for alcoholism and drug dependency. Upon his release, the child chose to live with his mother, without objection by the father. The mother moved for an order transferring custody from the father to her, and for child support. The trial court granted that relief, but made the support order effective several months after the mother assumed custody. The Western District of this Court held the trial court should have made the support order effective retroactively to the date the mother filed her motion.

3. Tammy was a senior at time of trial.

4. Rule 88.01, Missouri Rules of Civil Procedure (1990) and the "Schedule of Basic Child Support

Obligations" following Form 14, Missouri Rules of Court (1990) pp. 373–77.

Here, the order from which Cheryl appeals neither transferred custody of Robyn from Carl to Cheryl (as in *D.M.S.),* nor left custody of Robyn with Cheryl (as in *Meadows.)* It took custody of Robyn from Cheryl and placed custody with Carl.

Cheryl cites no case, and we find none, where a trial court was convicted of error for failing to increase child support retroactively to cover the period between commencement of a modification proceeding and entry of an order transferring custody from the custodial parent to the noncustodial parent. While circumstances might conceivably arise warranting such relief, the record here presents no such scenario.

Robyn moved from Cheryl's household into an apartment June 8, 1990. Cheryl reacted by taking away Robyn's key to Cheryl's residence. Robyn testified that after she moved, she received no money from Cheryl. Cheryl did not dispute this.

Nonetheless, Carl continued to pay Cheryl the decreed child support for Robyn until August, 1990. By order of September 6, 1990, the trial court authorized Carl to pay the August and September child support for Robyn directly to her instead of Cheryl.

Robyn testified she would need $500 per month from Carl to meet her expenses if custody were transferred to him. That testimony was uncontradicted. Carl acknowledged his willingness to assume this responsibility. The order of modification imposes no duty on Cheryl regarding Robyn's support. That responsibility is assigned solely to Carl.[5]

Additionally, the order awards Cheryl's lawyer $500 from Carl toward the lawyer's fee.

On this record, we cannot declare the trial court guilty of error in refusing to increase Carl's child support obligation to Cheryl retroactively to cover the period between the filing of Cheryl's motion and entry of the order of modification. Cheryl's complaint of error is denied, and the order is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

5. Cheryl makes no complaint about the failure of the order to require a specific monthly amount of child support payable by Carl to Robyn. No one else appealed. We decline to consider the matter *sua sponte. Pruellage v. De Seaton Corp.,* 380 S.W.2d 403, 405[3] (Mo.1964); *Gover v. Empire Bank,* 574 S.W.2d 464, 468[1] (Mo.App.1978).