John B. LAW, Respondent,

v.

Cathy Ann LAW, Appellant.

No. WD 43988.

Missouri Court of Appeals,
Western District.

June 23, 1992.

Regina K. Bass, Kansas City, for appellant.

No Attorneys for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Cathy Law appeals the trial court's decree dissolving her marriage to John Law. She contends that the decree is improper because of the way the court divided the marital debt. She also complains that the court wrongly awarded each parent custody of a child, awarded her only temporary maintenance, and denied her request for attorney's fees.

John and Cathy Law married on October 21, 1972, and separated on October 1, 1989. Two children, John Tyler Law and James Byron Law, were born to the marriage.

Cathy Law alleged to the trial court that she was unable to support herself and needed maintenance and attorney fees. She also contended that both boys should be placed in her custody. John Law, on the other hand, requested joint custody of the children and that he be named primary custodian. He denied his wife's contention that she needed maintenance or attorney fees.

During most of the marriage, John Law was self-employed. He started two businesses, but neither succeeded. He left the last business during February 1989, and voluntarily remained unemployed until June 1989 so he could be the "general contractor and repairman" for repair of flood damage to the family home. He later went to work for Cap Gemini America as a software consultant at an annual salary of $50,000, but the firm laid him off during the divorce proceedings. He testified that he expected to be able to find other comparable employment.

Cathy Law rarely worked outside of the home during the marriage. When she did, she worked part-time as a licensed practical nurse to assist with family finances. After she and her husband separated, she went to work for an insurance company for approximately $17,000 a year.

Cathy Law argues five points of error in the divorce decree. She asserts that the court erred (1) in dividing the marital debt evenly; (2) in giving her temporary maintenance; (3) in refusing to award her attorney fees; (4) in separating the children and awarding each parent the custody of one child; and (5) in its award of child support for John Tyler Law.

This court must sustain the judgment in a court-tried case unless no substantial evidence supports it, or it is against the weight of the evidence, or it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Moreover, we must make any decision to reverse a judgment because it is against the weight of the evidence with caution and with a firm belief that the judgement is wrong. *Id.* The trial court is free to accept or to reject all, part, or none of the testimony of any witness. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). We, therefore, accept as true the evidence and inferences therefrom which are favorable to the trial court's decree, and we disregard all contrary evidence. *Id.*

In her first point of error, Cathy Law contends that the trial court erroneously ordered her to pay marital debts of $117,252 when it ordered John Law to pay only $65,351. She asserts that the trial court did not consider her finances and earning ability when it allocated most of the debt to her. Section 452.330, RSMo 1986, required the court to divide all marital property justly and equitably after considering all relevant factors, including the parties' financial circumstances and their conduct during the marriage.

Much of the debt allocated to Cathy Law were two mortgages totalling $58,434 on the marital house. The house had a value of $72,000. Her selling the house would

reduce her debt load to $58,818 and liquidate the couple's $13,566 equity in the house. The trial court gave her a 1985 Buick automobile valued at $7000 and household goods valued at $4000. She had the potential of using these assets and the house's equity to reduce her debt to $34,252. John Law, on the other hand, received assets valued at approximately $8000 to offset the $65,351 debt allocated to him.

Division of marital assets need not be equal, only fair and equitable. Section 452.330, RSMo.1986. We cannot criticize the trial court's debt distribution as unreasonable and an abuse of discretion. Notwithstanding her low earning potential, Cathy Law has the capability of significantly reducing her debt load. John Law does not.

■ In her second point of error, Cathy Law contends that the trial court erroneously awarded her $200 per month in maintenance for only two years. She suggests that the substantial and competent evidence did not support limiting the award to two years.

An award of temporary maintenance is a matter resting within the trial court's discretion, and we will reverse only if we discern abuse of discretion. *Rapp v. Rapp,* 789 S.W.2d 148 (Mo.App.1990). The trial court had ample opportunity to judge the witnesses' credibility and to listen to the evidence. The testimony suggests that the maintenance was provided so Cathy Law could enhance her education and job opportunities. We discern no sound basis for disturbing the trial court's discretion on this issue.

■ Her third point of error contends that the trial court should not have refused to award her the costs of her attorney fees accrued during the divorce proceedings. Section 452.355, RSMo 1986, gives the courts power to award attorney fees but mandates consideration of both parties' finances and other relevant factors. "A trial court's determination of this issue is discretionary and reviewable only for an abuse of discretion." *Russell v. Russell,* 740 S.W.2d 672, 675 (Mo.App.1987).

Neither party was financially able at the time of trial to pay for the other's attorney. Nothing in the record suggests that John Law was dilatory or protracted the proceedings so as to cause his wife to incur additional attorney's fees. Cathy Law failed to show that the trial court abused its discretion. We find no error in the trial court's refusing to order John Law to pay for his wife's attorney.

■ In her fourth point, Cathy Law argues that the trial court should not have split the custody of the couple's children. The trial court placed John Tyler Law with her and James Byron Law with his father. Cathy Law contends that the children's best interest would be served by keeping them together and in her custody.

■ Although Missouri courts do not support separation of siblings upon divorce without unusual circumstances, *In re Newberry,* 745 S.W.2d 796, 797 (Mo.App.1988), the matter is within the trial court's discretion. We do not discern an abuse of discretion in this case. The trial court heard much evidence on the issue. Much of it suggested that the boys would benefit from separation because of severe sibling rivalry and their own wishes about with whom they preferred to live. We find nothing which causes us to conclude that the trial court abused its discretion.

■ Cathy Law's final point of error is that the trial court did not award her enough child support. The court awarded her custody of the younger child and $486 a month in child support. She acknowledges that this is in accord with the Supreme Court's standard child support chart, Rule 88.01, but she complains that the trial judge did not consider the cost she would accrue when her other child visited her. She also claims that the court erred in requiring her to be responsible for the expense of John Tyler Law's health care.

■ Existing health care is a factor for determining which parent should be responsible for the health care of a particular child. *Hahn v. Hahn,* 785 S.W.2d 756, 758 (Mo.App.1990). Cathy Law contends that

John Law was better able to provide health care because he had health insurance on both boys through his employment with Cap Gemini and, although that job was terminated, he could maintain the insurance coverage for 18 months. Nonetheless, because of John Law's unemployment and the amount of child support ordered, we conclude that the court did not abuse its discretion by ordering Cathy Law to provide for John Tyler Law's health needs, including insurance.

Cathy Law does not point us to anything suggesting that the trial court did not consider the older sons visits when it set the child support. John Law supports the older child while he is residing in John Law's home. The child will be residing in the father's home for the majority of the time. The wife's final point on appeal is denied.

For these reasons, the trial court's judgment is affirmed.

All concur.