Anthony J. MOCCIOLA, Respondent,

v.

Michele T. MOCCIOLA, Appellant.

No. 60708.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 28, 1992.

Thomas F. Jones, Maia Brodie, Clayton, for appellant.

Mary Ann Weems, Clayton, for respondent.

AHRENS, Judge.

Wife appeals from child support and maintenance provisions of a dissolution decree. We affirm in part, and reverse and remand in part.

The parties were married on July 16, 1982. Three children were born of the marriage. The decree was entered on April 2, 1991. Wife was given primary custody of the children, with husband given rights of visitation and temporary custody. Husband was ordered to pay child support of $300.00 per child per month based on husband's income of $3,000.00 per month, wife's income of $770.00 per month, and wife's work-related child care costs. Husband was allocated the income tax dependency deduction for the three children. No maintenance was ordered.

We must affirm the decree of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We give due regard to the trial court's opportunity to judge the credibility of witnesses. *Id.* at 31; Rule 73.01.

■ In her first point, wife contends that the trial court's child support award was erroneous because the child support calculation did not conform to the mandatory guidelines of Rule 88.01 and Civil Procedure Form No. 14. Wife asserts that the trial court did not include an appropriate amount for work-related child care costs, and that the trial court did not make a specific finding that the proper amount calculated using Form No. 14 was unjust or inappropriate. We agree.

Civil Procedure Form No. 14 must be completed by each party, and it requires consideration of the monthly gross income of both the custodial and non-custodial parent, as well as the custodial parent's reasonable work-related child care costs. Form No. 14. We have been provided with copies of Form No. 14 prepared by the parties, *see Behnke v. Behnke*, 829 S.W.2d 45, 46 n. 5 (Mo.App.1992), but the trial court did not adopt either party's proposal. Unfortunately, there is no Form No. 14 to show how the trial court reached its result of $300.00 per child per month. Where the trial court performs it own child support calculations, it would be helpful for the trial court to complete Form No. 14 and include it in the record. In the absence of these calculations, we can not quarrel with wife's argument which deduces that the trial court used a figure of $125.93 as wife's work-related child care costs.

■ This figure is not supported by the evidence, and is in conflict with the court's decree which states that "[c]onsideration [was] also given to child care needs as testified to by the [wife]." Wife testified that her average work-related child care costs were $400.00 per month, and that she was paying $65.00 per week at the time of trial.[1] These child care figures yield presumed monthly child support amounts of $372.69 and $340.73, respectively, per child when used in the Form No. 14 calculations. The court's child support award deviated from these results.

Rule 88.01 specifies that there is a rebuttable presumption that the amount of child support calculated pursuant to Form No. 14 is the amount of child support to be awarded. Rule 88.01. There was insufficient evidence to rebut the presumption,

---

1. Husband offered no evidence of specific child care costs.

therefore, we find that the trial court erroneously applied the law.

■ Husband argues that the trial court may have considered wife's income and child care expenses to be "a wash," and that the court may have attributed no income to her. If this is the case, the requirements of Form No. 14 were not met and the law was erroneously applied. Husband's argument ignores the fact that wife was awarded no maintenance because she was considered capable of supporting herself.

Even if wife's income and work-related child care costs were equal, it would be inappropriate to exclude these amounts from a Form No. 14 calculation. If excluded, wife would be charged with 100% of work-related child care costs. If included, these costs would be allocated to the parties in proportion to their income. Additionally, including wife's gross income results in a higher amount from the schedule of basic child support obligations. This burden is also borne in proportion to income. The importance of including wife's gross income and work-related child care costs is shown by the fact that using the lowest child care cost in evidence, the child support award increases by over $40.00 per child per month: 16% of wife's income amount. We reverse and remand with directions to amend the decree to order husband to pay wife $340.73 per child per month child support.

■ Wife asserts in her second point that the trial court erred in calculating the child support amount because it did not attribute enough income to husband. Again, we are hindered by the absence of a Form No. 14, but the trial court's decree indicates that its calculations were based on husband's income of "in excess of" $3,000.00 per month. The trial court has broad discretion concerning the granting of child support so long as that discretion is exercised within the parameters of § 452.-340 RSMo (Supp.1991). *See Howerton v. Howerton,* 796 S.W.2d 665, 670 (Mo.App. 1990). We must defer to the trial court's judgment as to the credibility of witnesses. *Murphy,* 536 S.W.2d at 31, 32.

The evidence as to husband's income was conflicting. There was testimony that husband's 1989 income was $37,202.00; and that his 1990 income was $36,589.00. These figures are incorporated into the trial court's findings, and provide substantial evidence to support the amount used by the court as husband's income in calculating the child support award. The trial court did not abuse its discretion. Point two is denied.

■ In her third point, wife contends that the trial court erred in allocating the income tax dependency exemptions for the children to husband. Wife asserts that this resulted in a misadjustment of the economic burden of supporting the children. The trial court has jurisdiction to allocate tax exemptions between parents, and, in the absence of an agreement between the parties, it is appropriate for the trial court to determine which party is entitled to available exemptions. *Vohsen v. Vohsen,* 801 S.W.2d 789, 791 (Mo.App.1991). We note again that the trial court has broad discretion in matters relating to child support. *See Howerton,* 796 S.W.2d at 670.

In the present case, there was no agreement between the parties as to the tax exemptions, and husband was required to pay 80% of the calculated child support costs. The trial court's decision to allocate the exemptions to husband is supported by substantial evidence and was not an abuse of the trial court's discretion. Point three is denied.

■ Wife's final point is that the trial court erred by awarding her no maintenance. Under our standard of review, we do not determine whether we would have reached the same decision as the trial court; rather, the question of maintenance is within the discretion of the trial court. *Czapla v. Czapla,* 801 S.W.2d 785, 787 (Mo.App.1991).

The parties' marriage lasted nine years. Wife was 30 years old at the time of trial, had three years of college credit, was capable of employment, had day care available, and was working only part-time. Husband had only a high school education and was

employed as a furniture mover. The trial court did not abuse its discretion in awarding no maintenance to wife. Point four is denied.

We reverse and remand with directions to amend the decree to order husband to pay wife $340.73 per child per month child support, retroactive to the date of the trial court's original decree, July 25, 1991. In all other respects the decree of the trial court is affirmed.

SMITH, P.J., and KAROHL, J., concur.