**Maureen HOFFMAN, Respondent/Cross–Appellant,**

v.

**Mark HOFFMAN, Appellant/Cross–Respondent.**

Nos. 63128, 63151.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1994.

Daniel P. Card and Alisse C. Camazine, St. Louis, for appellant.

Tremayne, Lay, Carr, Bauer & Nouss, Kenneth S. Lay, St. Louis, for respondent.

KAROHL, Judge.

Husband appeals from a decree of dissolution which terminated a ten year marriage. Two children were born of the marriage and husband was ordered to pay $1,598 in child support for both children to the wife. The court ordered no maintenance to either party. On appeal, husband contests the manner in which Missouri Supreme Court Rule 88, Form 14 was applied in determining child support; the failure of the trial court to give him credit for health insurance premiums for the children; and, the failure to allow him to claim one or both of the children as dependents for tax purposes. We affirm.

The parties were married in 1982 in Miami, Florida and resided after the marriage in Houston, Texas. Both were residents of Missouri for more than ninety days prior to the filing of the petition for dissolution. The parties have two sons, eight and five years old. They agreed to joint legal custody. Wife is a psychiatric social worker. She is the Clinical Director of Health South Head Injury Rehabilitation Center. Her gross monthly income is $3,588. Husband is a CPA and also has his MBA. He is employed with Price Waterhouse. His gross monthly income is $8,833.

In his first point, husband contends the trial court erred in mechanically applying the Schedule of Benefits of Missouri Supreme Court Rule 88.01 Form 14 in awarding $1,598 in child support for the parties two minor children. He contends wife's own evidence rebutted the amount awarded where she showed her need for the children were less than the scheduled amount. He argues the trial court misapplied the law in concluding that husband had the burden of proof to rebut use of the figure in the Schedule.

■ "There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding for the dissolution of marriage...." Rule 88.01(e). The court may make an award which differs from the chart if it enters a finding on the record that the amount of child support calculated pursuant to the chart is unjust or inappropriate. *Allen v. Allen*, 811 S.W.2d 58, 59 (Mo. App.1991). The rule assumes the calculation pursuant to the form is correctly done.

■ Each party submitted a Form 14 but the trial court did not adopt either party's proposal. The trial court found wife's gross monthly income to be $3,588 and husband's gross monthly income to be $8,833. It determined that the:

employment-related costs of the child care option which the Court finds to be in the best interest of the minor children are ... $778.00 per month less $80.00 federal income tax credit. Applying the relative percentage of contribution of 28.9% for [wife] and 71.1% for [husband] and including child care costs, [husband's] share, payable to [wife] is ... $1598.00. Said amount, constituting the resultant calcula-

tion based on Rule 88.01 is equitable and not unjust or inappropriate because it is presumptively correct, and [husband] has not, by any credible evidence, overcome the presumption.

At trial, wife proved total monthly expenses, including rent and utilities, but not including her direct expenses for the children, were $1,829.24. If the total is apportioned one-third each, $1,219.50 can be attributed to the children's needs.[1] Wife showed the children's direct expenses were $695 and her work-related child care cost was $778. These three amounts, added together, equal the children's total monthly expenses of $2,692.50. There was evidence to support a finding husband's share of the children's expenses would be $1,914.37 based on the trial court's determination that the husband's proportional share of the children's expenses was 71.1% of $2,692.50.

■ The trial court mechanically used Form 14. It ordered child support of $1,550 for two children, the Schedule figure for a household with monthly income of $10,000, although husband's and wife's combined gross monthly income exceeded $10,000. Form 14 may be used in such cases. *Mehra v. Mehra,* 819 S.W.2d 351, 354 (Mo. banc 1991) and *Boudreau v. Benitz,* 827 S.W.2d 732, 735 (Mo.App.1992). Form 14 requires *consideration of the monthly gross income of both the custodial and non-custodial parent* as well as the custodial parent's reasonable work-related child care costs. *Mocciola v. Mocciola,* 834 S.W.2d 872, 873 (Mo.App.E.D. 1992). The court made a specific finding that the wife's reasonable work-related child care costs were $778. It reduced this amount by $80 for wife's federal income tax credit resulting in the figure of $698 for work-related child care costs. Adding $698 to the Scheduled child support, $1,550, the trial court determined the preliminary figure of $2,248. The court ordered husband to pay 71.1% of that amount, $1,598, in child support for his two sons. Thus, wife's evidence supported the Form 14 scheduled amount, not less, as husband contends.

The cases upon which husband relies are factually distinguishable because in those cases mother's evidence proved she needed less than the scheduled amount and the trial court did not enter findings explaining why it awarded amounts larger than the Schedule figures. *See Harding v. Harding,* 826 S.W.2d 404 (Mo.App.1992) and *Heins v. Heins,* 783 S.W.2d 481 (Mo.App.1990). This point is denied.

■ In his second point, husband argues the trial court erred in not adjusting the support award to credit the total of his direct support after granting wife primary physical custody where the parties agreed to a shared custody plan which husband contends gives him physical custody 36% of the time. He argues the trial court erred in failing to make an adjustment in Form 14 figures so as to take into consideration the shared custody arrangements and credit child care expenses he will pay while the children are residing with him against the Schedule figure. He calculates the children will be with him 36% of the time, thus, he should share with wife payment of only 64% of the required support.

The trial court found "the parties agree that the best interest of the minor children would be served by the Wife and Husband having joint legal custody, and by placing their primary physical custody with the wife, subject to the Custody Plan agreed to by the parties...." The Custody Plan submitted to the court as a joint exhibit did not designate which party would be the "primary physical custodian" but did set forth the times each parent would have physical custody of the children. Husband has physical custody on alternate Wednesdays until Thursday morning at the beginning of school or day care and in alternate weeks from after school or day care on Friday until Monday at the beginning of school or day care. He also has physical custody of the children for four weeks each summer and on selected holidays. Wife has custody the remaining time.

■ The determination of the trial court in regard to child custody is granted greater

---

1. In *Allen v. Allen,* 811 S.W.2d at 59, we attributed almost half of wife's household expenses to the minor child who was living with her.

than usual discretion. *Johnson v. Johnson,* 839 S.W.2d 714, 717 (Mo.App.W.D.1992). This court will defer to the trial court's view of the facts even though the evidence might support a different result. *Buchanan v. Buchanan,* 828 S.W.2d 946, 949 (Mo.App.1992). Only where the trial court's ruling is clearly against the logic of the circumstances or is arbitrary or unreasonable will an abuse of discretion be found. *Id.*

■ There was substantial evidence to support the trial court's decision to give primary physical custody to the wife. Wife was the primary caretaker of the children during the marriage. Husband worked long hours during the marriage which prohibited him from caring for the children. Wife was more sensitive to the emotional needs of the children. Husband was not cooperative in scheduling school conferences with the children's teachers. Further, pending the dissolution, there were numerous occasions where husband did not take the children on his scheduled custody days and did not attempt to reschedule. There was no error in giving primary physical custody to the wife in the agreed shared custody case.

■ Brief periods of visitation with the non-custodial parent should not interrupt the child support payments. *Klinge v. Klinge,* 663 S.W.2d 418, 419 (Mo.App.1983). In *Klinge,* the husband was granted visitation rights which included two three-week periods in the summer. *Id.* However, the court held he was not relieved of his support obligation during the six weeks of his visitation and he was not entitled to deduct for the weeks when he had custody of the child. *Id.* Missouri courts have denied credit for support paid other than as ordered by the decree, holding that "[w]here a father must pay child support to his former wife, amounts he had given to or spent on behalf of the children in [wife's] custody are not credits against arrearage owed." *Id.,* citing *Lieffring v. Lieffring,* 622 S.W.2d 519, 520 (Mo. App.1981); *Royall v. Legislation & Policy Division,* 610 S.W.2d 377, 380 (Mo.App.1980); *Goeller v. Goeller,* 346 S.W.2d 545, 547 (Mo. App.1961). Absent a judgment relieving the non-custodial parent from the obligation to pay child support while that parent has temporary custody, he is not entitled to deduct pro rata amount of child support during the time he has temporary custody. *Meadows v. Meadows,* 686 S.W.2d 558, 561 (Mo.App. 1985). There was no agreement between the parties relieving husband of child support during the time he has temporary custody. There is nothing in the record to suggest the trial court did not take into consideration the element of direct support during the times the two minor children will spend with husband in setting husband's child support obligation. *Law v. Law,* 833 S.W.2d 17, 20 (Mo. App.W.D.1992). Further, there was no evidence the child support awarded was excessive to wife's expenses for child support because of a "savings" during those times she did not have custody. Husband has not supported his argument for a credit with a reciprocal argument of overpayment to wife. There is no contention that husband cannot afford to pay child support awards. This point is denied.

■ In his third point, husband contends the trial court erred in failing to give him credit for the $50 premium he pays per month for health insurance coverage for the children.

In *King v. King,* 865 S.W.2d 403 (Mo.App. E.D.1993), the court decided the issue of whether the trial court has discretion in crediting the amount of health or dental insurance premiums paid by father against his child support obligations. *Id.* at 404. The court discussed *Mudd v. Mudd,* 859 S.W.2d 699, 702 (Mo.App.E.D.1993), *Sprague–Cappel by Cappel v. Sprague,* 852 S.W.2d 361, 364–65 (Mo.App.E.D.1993), and *Switzer v. Switzer,* 821 S.W.2d 125, 127 (Mo.App.1992) wherein those cases considered the meaning of § 452.353.10 (repealed in 1993). The former § 452.353.10 directed the trial court to consider the duty of the supporting parent to maintain dependent health and dental insurance coverage when determining the amount of child support to be paid. The trial court concluded that it had no discretion in this matter. *King,* 865 S.W.2d at 404, citing *Switzer,* 821 S.W.2d at 127.

In *King* the court acknowledged that the former § 452.353.10 mandated that a trial

court must consider the cost of maintaining health and dental insurance coverage when determining the amount of child support. However, the *King* court noted that the statute was silent as to the result of that consideration. *King,* at 405. The same is true of Form 14. The trial court must consider the cost of health and dental insurance coverage, but Form 14 did not mandate a particular result of that consideration. *King,* at 405.

The court in *King* also noted the new section enacted in 1993 by the 87th General Assembly, First Regular Session, in Senate Bill 253, § 3, paragraph 6, does not allow the cost of employee contributions or premiums paid for health benefit plans to be a direct offset to child support obligations, although they may be considered in determining the amount of child support to be paid. *King,* at 405.

As a result, the *King* court held that language in *Switzer, Mudd* and *Sprague* which infers or suggests that former § 452.353.10 mandated a specific adjustment, should no longer be followed. *King,* at 405.

Since there is nothing in the record which suggests the trial court did not consider husband's monthly health insurance premium in determining his child support obligation and in light of the holding in *King,* this point is denied.

In his fourth point, husband argues the trial court erred in failing to award husband the right to claim one of the children as a dependent for federal and state income taxes. Tax saving advantages to the parties were available by an award of one dependent exemption to each party. However, the trial court did not opt for that arrangement.

■ In matters relating to child support, including the allocation of the tax exemption, the trial court has broad discretion. *Mocciola v. Mocciola,* 834 S.W.2d 872, 874 (Mo.App. E.D.1992). The trial court has jurisdiction to allocate tax exemptions between parties. *Vohsen v. Vohsen,* 801 S.W.2d 789, 790 (Mo. App.1991). However, that power must be exercised in accord with the Internal Revenue Code. *Id.*

■ Husband requested the court to award him the right to claim one of the children as a dependent for income tax purposes. Because his income is greater and he will not enjoy head of household status he will pay more income taxes than wife will gain if she has both exemptions for the children. The trial court made no determination regarding whom shall claim the children as dependents. The present general rule is that the primary custodial parent is entitled to the income tax exemption for dependent children, 26 U.S.C.A. § 152(e), unless there is a court order to the contrary. There are exceptions to the general rule which would allow a non-custodial parent to claim the dependents if: (1) the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent for any taxable year, (2) the custodial parent relinquishes the exemption by written declaration, or (3) a multiple support agreement is in effect. 26 U.S.C.A. § 152(e)(2).

■ In *Corey v. Corey,* 712 S.W.2d 708, 710 (Mo.App.1986), this issue was not properly preserved for our review; however, we stated "Because income tax exemptions are or may be a factor in determining the money available to pay support obligations, it would be appropriate for the parties, or the court in the absence of agreement between the parties, to determine and express which party is entitled to the available exemption." *Id.* at 711. Such a finding would have been appropriate in the present case. Where there are two or more dependent children, the trial court has the option of providing at least one exemption to the non-custodial parent. This would be prudent and result in less income tax and more spendable income when the tax status of both parents is considered a single unit. The award of one child exemption to the custodial parent would allow head of household tax status and reduce taxes by the measure of the exemption. If there is a greater saving by the award of the other to the non-custodial parent then that saving may be considered in the child support award. Further, this would not be in conflict with the Internal Revenue Code. *See also Vohsen,* 801 S.W.2d at 792.

In this case none of the three exceptions have been fulfilled which would allow hus-

band as a supporting parent to claim one of the children a dependent. In accord with the general rule, wife, as the custodial parent, is the party who will claim the two children as dependents. We do not have a record to support a finding of either wisdom or of error in the present decree. Hence, we find no reversible error in allowing her to do so. *See Rogers v. Rogers,* 803 S.W.2d 92, 97 (Mo.App.1990). The parties are free to agree on an adjustment for tax purposes but that is not a matter for this court. This point is denied.

Judgment affirmed.

PUDLOWSKI, P.J., and GRIMM, J., concur.