Ann T. REJENT–SCHOLTZ, Appellant,

v.

Theodore SCHOLTZ, Respondent.

No. 67154.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 2, 1996.

Eisen, Gillespie & Hilton, Bruce F. Hilton and Julie K. Morian, Webster Groves, for Appellant.

Ziercher & Hocker, P.C., Christopher Karlen, St. Louis, for Respondent.

KAROHL, Judge.

Ann T. Rejent–Scholtz (Mother) appeals from decree of dissolution, claiming the trial court abused its discretion in its child support order which deviated from the guidelines of Form 14. Mother also appeals prop-

erty distribution, claiming separate property was included in her portion. Theodore Scholtz, (Father) agrees, partially, the court erred in its property division figures. We affirm in part and reverse and remand in part.

The court dissolved a fifteen year marriage. The parties have two children, a daughter born in 1985, and a son born in 1987. They agreed to share equally the physical custody, alternating the children between their respective homes each week. The court ordered Father to pay Mother $500 per month child support. Mother holds a Bachelor's degree and a Master's degree in clinical dietetics. Since 1989, Mother has worked as a private nutrition consultant. At time of trial she worked part-time and earned approximately $20,000 annually. Father holds a Bachelor's degree in finance and a Master's degree in business. Father is employed as a director of product development at Citicorp. In 1993 he earned $87,600.

We review in accord with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In Mother's first point, she argues the trial court erred in calculating Father's child support obligation. Mother argues the award is substantially below the guidelines of Form 14.

"There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding for the dissolution of marriage...." Rule 88.01(e). The court may make an award which differs from the chart if it enters a finding on the record that the amount of child support calculated pursuant to the chart is unjust or inappropriate.

*Hoffman v. Hoffman*, 870 S.W.2d 480, 481 (Mo.App.E.D.1994) *quoting Allen v. Allen*, 811 S.W.2d 58, 59 (Mo.App.1991).

The court found the Form 14 figure would be unjust or inappropriate because of the unusual agreement that each parent would have custody and directly support the children one-half of the time. The court prepared a Form 14 to adjust for this arrangement. It constructed a Form 14 showing the following calculations to establish a base total child support figure:

|  | [MOTHER] | [FATHER] | COMBINED |
|---|---|---|---|
| Monthly income | 1716.00 | 7307.00 | 9023.00 |
| Child support amount |  |  | 1417.00 |
| Child care costs |  |  | 400.00 |
| Health insurance |  |  | 31.00 |
| Total child support costs |  |  | 1848.00 |
| Proportionate shares | 19% | 81% |  |
| Obligations | 351.12 | 1496.88 |  |
| Credit/health insurance |  | 31.00 |  |
| PRESUMED CHILD SUPPORT |  | 1465.88 |  |

It then ordered child support as follows:

Husband is ordered to pay Wife as and for support of the minor children the amount(s) set forth below:

Samantha Scholtz the sum of $250.00 per month;

George Scholtz the sum of $250.00 per month;

The Court finds that the application of authorized support guidelines per Exhibit B attached hereto and incorporated by reference herein would be unjust or inappropriate based on the agreed custodial arrangements for the minor children.

■ Assuming expenses for the *children* are as shown, $1848 per month, and, assuming each parent's costs are half of the monthly total, each parent's monthly expenses would be $924. Father was ordered to pay an additional $500 per month to Mother for child support and pay directly $31 per month for health insurance. Father's total child support obligation will be $1455 per month ($924 + $500 + $31). Presumably, his Form 14 obligation would be $1496, which is $41

more than the amount actually ordered. Mother's share of expenses would be $924, less $500 paid by Father, or $424. Mother's share of child support expenses calculated on Form 14 is $351. The award will require her to pay $73 per month more than her share. There was evidence Father paid for "extras" for the children, the cost of which was not included in the $1848 total-expense figure. These included expenses for school pictures, and charges for attending Kids In The Middle. These were not necessities includable on Form 14 but they benefit the children. Moreover, the evidence of the actual expenses of each parent did not require a finding of equal expense by each parent. Finally, there is no requirement a court follow a Form 14 type formula after finding the presumed amount is inappropriate. We find the court's decision is not against the weight of the evidence nor does it misapply the law.

In her second point, Mother assigns error to the trial court's division of property. She claims property which the court properly found to be her separate property was erroneously included in marital property division and charged to her. Father agrees the court erred in this respect but disagrees on the proper value to be redistributed. We remand for reconsideration and a redetermination of the division of property. The court may, in its discretion, amend the property division provisions without additional evidence.

We affirm the child support awards. We reverse and remand only for reconsideration of the division of marital property.

REINHARD, P.J., and RHODES RUSSELL, J., concur.