**Thomas A. REED, Plaintiff/Appellant,**

v.

**Victoria A. REED,
Defendant/Respondent.**

**No. 72325.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 9, 1998.

Thomas A. Reed, pro se.

Jonathan L. Downard, Hansen, Stierberger, Union, for respondent.

CRAHAN, Chief Judge.

Thomas A. Reed ("Husband") appeals *pro se* the judgment and decree of dissolution of his marriage to Victoria Ann Reed ("Wife"). On appeal, Husband challenges the child support award, the maintenance award, and the division of property. We affirm the child support and maintenance awards and reverse and remand the award of property so that the trial court may distribute property omitted from the decree.

Husband and Wife were married on January 24, 1970. Three children were born during the marriage, Tamera, James, and Brian. Only Brian remained unemancipated at the time of trial.

Husband and Wife settled in Sullivan, Missouri. Husband worked more or less steadily in the construction industry throughout the marriage. Wife accepted several part-time jobs but most often remained at home, running the household and farm and rearing

the children. This arrangement was the wish of both parties. More recently, Wife had engaged in full-time work as a bank teller. Husband and Wife separated in 1995 after twenty-five years of marriage.

In its judgment and decree of dissolution, the trial court awarded Husband and Wife joint legal custody of Brian with physical custody to Wife and ordered Husband to make child support payments calculated pursuant to Rule 88.01 and Form 14. Wife was awarded maintenance of $600.00 per month. The court also divided the marital property.

Our standard of review in this case is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.*

■■■■ Husband essentially makes four separate legal arguments in his single point relied on.[1] First, he claims Wife failed to meet her burden of proof that she is entitled to maintenance pursuant to section 452.335.1(2) RSMo.1994.[2] The party seeking maintenance bears the burden of establishing need before maintenance can be awarded. *M.A.Z. v. F.J.Z.,* 943 S.W.2d 781, 788 (Mo. App.1997). Maintenance can only be awarded if the requesting party cannot meet his or her reasonable needs through property or employment. *Id.* Maintenance awards are usually considered within the discretion of the trial court so long as they are made within a reasonable tolerance of proof. *Id.*

In her Statement of Income and Expenses, Wife claimed gross wages of $953.00 per month and expenses of $2,884.50 per month. Husband argues that Wife's estimated automobile repair expenses and home maintenance expenses are excessive. Even disregarding such expenses entirely, however, the gap between Wife's income and remaining expenses exceeds the $600.00 per month in maintenance she was awarded.

---

1. *Cf.* Rule 84.04(d).

2. All further statutory references will be to RSMo.1994.

The trial court found Wife was unable to meet her reasonable needs by means of employment and property. In so finding, the court noted Wife's contribution to the marriage, the relatively superior earning capacity of Husband, the standard of living established during the marriage, the duration of the marriage, and the abilities of both Husband and Wife to meet their respective needs. The trial court was correct to consider these factors and did not abuse its discretion in granting Wife maintenance in the amount it did. See section 452.335. Point denied.

Second, Husband contends the trial court's award of child support of $144.96 per week was erroneous because it failed to consider the seasonal nature of Husband's employment. However, the trial court considered evidence proffered by both parties with respect to Husband's income including income tax returns for 1993, 1994 and 1995 and an income estimate for 1996. Therefore, the trial court was aware of Husband's income over a period of several years. Such review ensures the assessment of his income was not distorted by one or more particularly fruitful months. The trial court's determination of Husband's income was within the range supported by the evidence. Point denied.

Third, Husband argues the judgment below is incomplete for its failure to allocate to either party the income tax deduction for Brian. Although the trial court has jurisdiction to allocate tax exemptions for dependent children between parties, it is not reversible error for the court to fail to do so. *Hoffman v. Hoffman*, 870 S.W.2d 480, 484–85 (Mo. App.1994); see also *Leone v. Leone*, 917 S.W.2d 608, 613 (Mo.App.1996). Point denied.

Fourth, Husband claims the judgment failed to distribute one of two Prudential life insurance policies, a tractor and shop tools.

Although both Husband and Wife testified that each had taken out a life insurance policy with Prudential during the marriage, the judgment appears to distribute only one policy. Wife did not dispute this at oral argument and, further, stated she would have no objection to amending the judgment to distribute the second policy to Husband.

The trial court is ordered to so amend the judgment upon remand.

Two other valuable items appear to have been omitted. Husband noted the absence of a 1978 John Deere tractor valued at $6,500 and shop tools valued at $1000 from the judgment. Wife contends that the disposition of "cattle and farm equipment" which the court valued at $1000 should suffice to dispose of the tractor. We disagree. Husband's proposed distribution of marital assets, the only evidence of this marital property before the court, specifically distinguished "cattle equipment" valued at $1000 from the John Deere tractor. Moreover, the trial court individually disposed of other items that would normally be considered farm equipment, including a Cub Cadet tractor. The large difference between the stated value of this tractor and the value assigned to "cattle and farm equipment" by the court also suggests it did not consider the tractor part of that category of property. Accordingly, the trial court is directed to specifically divide the shop tools and John Deere tractor on remand.

The judgment is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, J., and GERALD M. SMITH, Senior Judge, concur.